427 So.2d 860 (1983)
STATE of Louisiana
v.
Dennis LENNON.
No. 82-KA-0753.
Supreme Court of Louisiana.
March 4, 1983.
*861 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Richard Petre, John Craft, Asst. Dist. Attys., for plaintiff-appellee.
Howard McCurdy, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
PER CURIAM.
Dennis Lennon was charged in a single bill of information with three counts of armed robbery, La.R.S. 14:64, and three counts of aggravated burglary, La.R.S. 14:60, arising out of four separate incidents occurring during February and March, 1979. On July 28, 1981, a twelve-member jury returned verdicts of guilty as charged on all counts. The trial court subsequently sentenced Lennon to serve six consecutive termsthree consecutive sentences of 30 years for each of the aggravated burglaries, and three consecutive sentences of 99 years for each of the armed robberiesfor a total of 387 years at hard labor.
In connection with these offenses, the State filed a bill of information charging the defendant as a multiple offender under the provisions of the Louisiana Habitual Offender Act, La.R.S. 15:529.1. At a hearing on the State's allegations, Lennon admitted two prior felony convictions in Oklahoma: a second degree burglary conviction in 1974, and a conviction of burglary of a U.S. Post Office in 1979. On the basis of these convictions, the trial court adjudged the defendant a third felony offender, vacated the original sentences, and then doubled the term of incarceration initially imposed on each count, again running all sentences consecutively for a total of seven hundred seventy-four years at hard labor. In this appeal, Lennon challenges the trial court's imposition of consecutive maximum terms as excessive. La. Const. 1974, art. 1, § 20. We pretermit decision of this issue because we find that the trial court improperly sentenced the defendant as a third felony offender.
La.R.S. 15:529.1 B, in pertinent part, provides:
... one shall be deemed a third offender under this Section only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender ...
Jurisprudence construing this provision has set forth the rule that prior convictions must precede the commission of the principal offense in order to be available for enhancement of a defendant's status as a multiple offender. State v. Simmons, 422 So.2d 138 (La.1982); State v. Wimberly, 414 So.2d 666 (La.1982). In other words, La. R.S. 15:529.1 B requires that in order for one to be considered a third offender, the third offense must have been committed after the second conviction.
In the instant case, Lennon's third offender adjudication was based on two prior felony convictions: a 1974 conviction for second degree burglary, and an April 16, 1979 conviction for burglary of a U.S. Post Office. The crimes which resulted in Lennon's present conviction were committed during a period extending from February 15 through March 17, 1979. Obviously, these crimes were committed before defendant's second felony conviction on April 16, 1979. Therefore, Lennon was not a third offender within the meaning of La. R.S. 15:529.1 B.
Accordingly, defendant's sentence must be vacated and the case remanded to the trial court for resentencing in accordance with the views expressed in this opinion.
*862 CONVICTION AFFIRMED; SENTENCES VACATED AND CASE REMANDED.
WATSON and LEMMON, JJ., concur and assign reasons.
WATSON, Justice, concurring.
I concur for the reasons assigned by LEMMON, J.
LEMMON, Justice, concurring.
I would prefer not to remand this case for resentencing. While defendant is technically only a second offender, the available sentencing range is exactly the same in this case for either second or third offenders. The Oklahoma burglary conviction, although not available to qualify defendant as a third offender for the present crimes, was properly considered by the trial judge in imposing sentence.[1] Because of defendant's prior convictions and because of the violent and vicious nature of the present crimes, it is almost beyond the realm of possibility that the trial judge on resentencing will give a lesser sentence simply because defendant was not technically a third offender.
Furthermore, the court should take this opportunity to overrule State v. Sherer, 411 So.2d 1050 (La.1982), which misinterpreted La.R.S. 15:529.1 by prohibiting the trial judge from sentencing Sherer, who had been convicted of two felonies on the same day, from being sentenced as a habitual offender on each of the two convictions.[2]
In the present case, the trial judge under La.R.S. 15:529.1 clearly should be permitted to sentence defendant as a second offender on each of the six convictions.
NOTES
[1] This is vastly different, for example, from a conviction based on an uncounseled plea, which may not be considered as a conviction in sentencing for another offense. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
[2] Sherer was convicted of two counts of negligent homicide. He had previously suffered two felony convictions. This court erroneously held that he could be sentenced as a habitual offender on only one of the two counts.

I believe that La.R.S. 15:529.1 reflects a legislative intent to expose a person, who has been previously convicted of a felony, to imposition of habitual offender penalties for any felony committed after the date of the prior felony convictions. For example, if a person is convicted of simple burglary and after such conviction (but within the five-year "cleansing period") commits four more burglaries before being apprehended and prosecuted, I believe that person can be sentenced (if convicted) as a second offender for each of the four subsequently committed crimes, whether or not the four subsequent convictions occur on the same day. To the extent that Sherer dictates a different result, the decision should be overruled.