452 So.2d 157 (1984)
STATE of Louisiana
v.
Eugene TOBIAS and John Wayne Simmons.
No. 83-K-2541.
Supreme Court of Louisiana.
May 25, 1984.
*158 Harriette R. Merrell, Slidell, (for Simmons) Tristan Junius, New Orleans, (for Tobias) for applicants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., for respondent.
BLANCHE, Justice.
Defendants were arrested for the murder of one Michael Henry in Orleans Parish. At trial, the jury found both defendants guilty of second degree murder, and both were accordingly sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. The convictions were affirmed on appeal, State v. Tobias, 441 So.2d 400 (La.App. 4th Cir. 1983), and defendants are now before this Court on writ of certiorari. We granted this application primarily for the purpose of considering the sufficiency of the evidence as to defendant Tobias. Having examined the assignments raised by defendant Simmons, we find them to be without merit and affirm his conviction.

FACTS
The murder for which defendants were convicted occurred in the early morning of September 19, 1981, outside Marie's Bar on the corner of Felicity and Magnolia streets in New Orleans. The victim was found shot outside the bar and was transported to Charity Hospital where he died an hour later.
*159 Defendants were initially implicated in the crime by a cousin of the victim, who provided police with their names and the name of a potential eyewitness, Percy Taylor. Taylor identified the pair in a photographic lineup and both men were subsequently arrested.
At trial, several individuals testified to seeing the victim in the company of the defendants inside the bar earlier in the evening. Percy Taylor, however, was the only eyewitness to the crime itself. He testified that he saw defendants chasing another individual, Phillip Scott, down the street near the bar. Later, according to Taylor, he received a phone call from Scott that "Craft" and "Gene" (the alleged street names of the defendants) were after him. Taylor testified that he then left the bar to find his friend and saw the defendants arguing with the victim, and taunting him with a wine bottle. Simmons eventually pulled a pistol, waved it in the victim's face, and taunted the victim. Tobias then purportedly stated "Keep on talking, you're going to die, bitch." Thereafter, Simmons fired the pistol at the victim, and both Tobias and Simmons quickly left.
Defendant Simmons testified in his own defense. He asserted that he had left Marie's Bar well in advance of the shooting, and had gone with Tobias to finish work on some parade equipment for a social organization to which the two men belonged. He claimed to have heard the shot, walked around the corner to investigate, and later returned home.

SUFFICIENCY OF THE EVIDENCE
Although not raised as an assignment of error, this court requested briefing on the issue of sufficiency of the evidence as to defendant Tobias. Specifically, we were concerned with the issue of specific intent.
The only eyewitness testified that Simmons actually fired the shot which killed the victim. However, as R.S. 14:24 states, all persons concerned in the commission of the crime are principals. From the testimony, it is obvious that the two defendants were partners in their harassment of the victim. Both men were threatening the victim up to the moment when he was shot. Therefore, it is reasonable to conclude that Tobias was a principal in the murder of Michael Henry.
Nevertheless, not all principals are automatically guilty of the same grade of offense. State v. Holmes, 388 So.2d 722, 726 (La.1980). To convict Tobias of second degree murder, it was necessary to demonstrate specific intent on Tobias' part to kill the victim.
The testimony of the eyewitness indicated that Tobias menaced the victim with a wine bottle, causing the victim to throw up his hands. Simmons then drew his pistol and brandished it at the victim, while Tobias reportedly shouted at the victim "Keep talking and you die." Tr., p. 111. Immediately thereafter, Simmons fired the fatal shot. Finally, as the two men retreated, Tobias threatened to attack a bystander who shouted his objection to the shooting. Tr., p. 100.
Tobias' actions certainly expressed animosity toward the victim. Whether they evidenced a specific intent to kill Henry is a more difficult question. On one hand, Tobias, while wanting to scare Henry, may have had no intention to kill him. On the other hand, Tobias and Simmons may have planned to kill Henry when they approachedTobias' statement before the murder supports such intent. We conclude that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state proved Tobias' intent to kill the victim beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and hold that the evidence was sufficient to support the verdict of second degree murder.

DECREE
For the foregoing reasons, the convictions and sentences of the defendants, John *160 Wayne Simmons and Eugene Tobias are affirmed.
AFFIRMED.
LEMMON, J., concurs.