454 So.2d 403 (1984)
STATE of Louisiana
v.
Stanley WELLS.
No. KA-1744.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
*404 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of La.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Stanley Wells.
Before GARRISON, KLEES, and WARD, JJ.
KLEES, Judge.
On September 16, 1982, the appellant was indicted for aggravated kidnapping, aggravated rape, aggravated crime against nature, and armed robbery. He was arraigned on September 21st and pled not guilty to all counts. On June 9, 1983, a twelve-member jury found him guilty of simple kidnapping in violation of R.S. 14:45, forcible rape in violation of R.S. 14:42.1, crime against nature in violation of R.S. 14:89, and simple robbery in violation of R.S. 14:65. On September 22nd, defendant Stanley Wells waived all delays, and was sentenced to serve five years at hard labor for his R.S. 14:45 conviction, forty years at hard labor the two first years of that sentence to be without benefit of probation, parole or suspension of sentence for the R.S. 14:42.1 conviction, five years at hard labor for his R.S. 14:89 conviction, all sentences to run consecutively. The State filed a multiple bill against the appellant, and on October 17, 1983, he was found to be a double offender, his September 22nd sentences were vacated, and he was sentenced to serve one hundred and fourteen years at hard labor. His Motion for Appeal was filed on September 22, 1983.
FACTS:
At trial the victim testified that on the day in question she had gone to sell plasma at the Blood Plasma Center on St. Claude Avenue and had taken a number, then sat down outside to wait her turn. The defendant approached her several times, but each time she rebuffed his advances. He left, but then returned in an old car with the inside passenger handles removed and forced her in at knifepoint. He drove her to a deserted area, threatening to kill her, and by means of threats forced her to submit to intercourse and perform oral sex. Before leaving, he relieved her of her money. She later called the Plasma Center and described to one of the workers what had happened; the Plasma Center cooperated with the police by providing a picture of one of their donors who happened to match the description given by the victim, and whom an employee had seen in the area earlier that day. The victim was able to pick the defendant from a photographic lineup, not the first time the lineup was presented to her, but on a subsequent photographic lineup using a different photograph of Wells.
ERRORS PATENT AND SUFFICIENCY OF THE EVIDENCE
A. Errors Patent
A review of the record reveals that the trial court erred in its sentencing of the appellant as a multiple offender on all four convictions he received in this case. In State v. Sherer, 411 So.2d 1050 (La.1982), the Supreme Court held that where convictions on more than one count are entered on the same date, these convictions should be treated as one conviction when applying R.S. 15:529.1, and therefore only one of the counts may be used in the sentencing of a defendant as a multiple offender. In Sherer, the defendant was convicted on two counts of negligent homicide, and he was sentenced on only one count. The case was remanded for resentencing also because the multiple bill did not set forth which count was to be enhanced. Id. at 1057. Here, the appellant's original sentences on all four counts were vacated and he was sentenced to serve one hundred and fourteen years at hard labor, the sentence on each count apparently being doubled as a result of the trial court's application of the multiple offender statute to each count. Thus, as per Sherer, it appears that the trial court erred by enhancing all four convictions and imposing an illegal sentence.
*405 A. Sufficiency of the Evidence
The evidence adduced at trial was sufficient to sustain the conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
Accordingly for the reasons expressed above:
The appellant's four convictions are hereby affirmed.
The aggregate sentence apparently imposed as to all of the counts are hereby vacated and this matter is remanded for resentencing, specifically noting that the appellant may be sentenced as a multiple offender only as to one of the four convictions.
CONVICTION AFFIRMED SENTENCES VACATED AND MATTER REMANDED FOR RESENTENCING.