474 So.2d 24 (1985)
STATE of Louisiana
v.
David L. ALGERE.
No. K 3851.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1985.
Writ Denied September 27, 1985.
*25 Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for relator.
Carol Skarpetowski, Orleans Indigent Defender Program, New Orleans, for respondent.
Before SCHOTT, KLEES and ARMSTRONG, JJ.
SCHOTT, Judge.
We granted certiorari on the application of the State of Louisiana to consider the validity of a judgment of the trial court on May 6, 1985 granting defendant's motion to quash three out of four bills of information accusing him of a previous conviction. The issue is whether the holding in State v. Sherer, 411 So.2d 1050 (La.1982) must be extended to this case which involves four completely separate offenses committed on different dates and charged under separate bills of information.
State v. Sherer involved a single automobile accident in which two individuals were killed leading to a conviction on two counts of negligent homicide. Defendant was sentenced as an habitual offender under LSA-R.S. 15:529.1 for each offense. The Supreme Court vacated the sentence holding that "convictions on more than one count entered on the same date should be treated as one conviction for applying the habitual offender statute."
In State v. Wells, 454 So.2d 403 (La.App. 4th Cir.1984) this court applied Sherer to the case of a defendant convicted of aggravated kidnapping, aggravated rape, aggravated crime against nature, and armed robbery committed successively against the same victim on the same date. The court vacated the sentence based on four multiple bills and remanded with instructions that defendant might be sentenced as an habitual offender for only one of the four crimes.
In granting defendant's motion to quash in the instant case the trial court has erroneously extended Sherer, and Wells. Since it appears from State ex rel Thibodeaux v. Waltzer, 444 So.2d 623 (La.1984) that a substantial minority on the Supreme Court questions even Sherer, it follows that an extension of Sherer to the present case is not warranted.
Logic dictates the imposition of enhanced sentences for each offense in this case. When defendant committed armed robbery and second degree battery on September 26, 1983 he had been convicted of simple burglary on November 18, 1981 and thus earned the distinction of being an habitual offender. When he committed armed robbery and attempted murder against another victim on November 17, 1983 he qualified again as an habitual offender because of his 1981 conviction. The fact that he had already qualified once should not exempt him from enhanced punishment for this new offense. The same applies to his new armed robberies of December 7 and December 20, 1983. He could have been tried separately for each offense. No valid reason exists for exempting him from enhanced penalties for all four offenses simply because he decided to plead guilty to all four at the same time.
Accordingly, the judgment granting defendant's motion to quash is reversed and *26 set aside. The case is remanded to the trial court for further proceedings on all four bills of information against defendant as an habitual offender under R.S. 15:529.1.
REVERSED AND REMANDED