483 So.2d 1281 (1986)
STATE of Louisiana
v.
Kenneth KILLION.
No. KA-2691.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
William J. Guste, Jr. Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., H.T. Cox, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Kenneth Killion was convicted by a twelve person jury of four counts of aggravated rape (La.R.S. 14:42), five counts of aggravated burglary (La.R.S. 14:60), two counts of residential burglary (La.R.S. 14:62.2), and one count of aggravated *1282 crime against nature (La.R.S. 14:89.1). All of the offenses were committed between June 25 and July 23, 1983. The offenses were so similar that they have been deemed "signature" crimes. The offenses involved defendant breaking into the homes of the victims, raping them, and taking something of value from their homes. On appeal, there is no question that these incidents are so similar that they should have been tried together. After having been found guilty on all eleven counts, the state filed a multiple bill against defendant, asserting that he was a third time offender based on two prior Illinois burglary convictions. Defendant was sentenced to life at hard labor on counts 1, 8, 10 and 12 (aggravated rape), to sixty years at hard labor on counts 1, 6, 7, 9 and 11 (aggravated burglary), thirty years at hard labor on count 8 and twenty-four years at hard labor on count 4.
The state based its case against defendant, in part, on his confession to the police after he was arrested. (During the course of the crimes, all the victims had been unable to see defendant because he had pulled a pillow case over their heads during commission of the crimes and, therefore, there was no positive identification by the victims). The confession was used to corroborate the testimony of the victims, and the vaginal swabs from each of the victims showed that the perpetrator of the rape was a Type AO secretor, as was defendant. Furthermore, items stolen from the victims were recovered from the defendant, his girlfriend, and from a locker that defendant had rented.
Defendant appeals from his conviction and sentencing, on the basis of three errors: (1) failure of the trial court to grant a mistrial after it informed the jury that defendant's confession was free and voluntary; (2) allowing the defendant to be multiple billed as to each count on which he had been found guilty; and (3) adjudicating defendant a third time offender when the state failed to carry its burden of proof.
ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court was in error in denying a motion for mistrial.
At trial, prosecution witness Officer Paul Melancon testified in order to lay the predicate for the introduction of defendant's confession into evidence. After cross-examination on the predicate during which the defense attempted to briefly establish that the statement was not made voluntarily, the judge stated:
"Okay. Court'll now rule that the statement, whatever it is was [sic] freely and voluntarily made. There is absolutely no evidence that any force, threats or intimidation was [sic] used on the part of the police to get this man to give a statement. There has been some insinuations but nothing definite."
The defense then moved for a mistrial on the ground that the remarks were a prohibitive comment by the trial judge on the facts of the case in the presence of the jury. La.C.Cr.P. art. 772. If, however, the remarks were simply reasons for rulings on the admissibility of evidence then they are not prohibitive unless they are unfair or prejudicial. State v. Knighton, 436 So.2d 1141 (La.1983).
In State v. White, 247 La. 19, 169 So.2d 894 (La.1964), a trial judge told the jury that he had found the confession to have been freely and voluntarily made, but immediately admonished the jury that it would be "entitled to hear and determine in its own mind the import," of what the defendant had intended to say. In the instant case, during his charge to the jury, the trial judge gave correct instructions as to the weight the jury was to give the officer's testimony and to the confession. The defense attempted to distinguish State v. White, supra, from this case by urging that an immediate admonishment and instruction of the correct law was necessary; in this case, the jury charge did not come until three days after the confession had been introduced into evidence. We find the defense's argument to be tenuous and without merit. The trial judge's remarks *1283 were made in connection with his reasons for ruling that the confession was admissible. Moreover, the trial court gave lengthy instructions as to the jury's function in weighing and either accepting or disregarding testimony and evidence. We see no error in the trial court's ruling.
ASSIGNMENT OF ERROR NO. 2
The defense asserts that the trial court was in error in allowing a multiple bill to be entered on every count for which defendant had been found guilty.
In State v. Sherer, 411 So.2d 1050 (La. 1982), the Louisiana Supreme Court held that multiple convictions entered on the same date must be treated as one conviction for enhancement purposes under La. R.S. 15:529.1. See State v. Wells, 454 So.2d 403 (La.App. 4th Cir. 1984). In this case, defendant was convicted of four counts of aggravated rape, five counts of aggravated burglary, one count of residential burglary, and one count of aggravated crime against nature. The court allowed a multiple bill to be filed as to every count for which defendant was found guilty. Because of the rulings of both the Louisiana Supreme Court and this court, the state has indicated in brief that it agrees with defendant that the case should be remanded for re-sentencing. We find that the trial court was in error by enhancing the sentences on counts 1, 3, 4, 6, 7, 9 and 11, the defendant's sentence is vacated, and the case is hereby remanded for re-sentencing on those counts.
ASSIGNMENT OF ERROR NO. 3
The defense argues that the trial court erred when it adjudicated defendant a third offender because the state failed to prove the date of the discharge and supervision from defendant's first offense. La. R.S. 15:529.1(F) provides a non-exclusive method by which the state may show that the defendant is a multiple offender. The state may introduce a statement of the court in which the defendant was originally convicted, the date and time of the sentence, the length of time of imprisonment, and date of discharge, all of which are prima facie evidence of imprisonment and discharge of the person. If, however, five years have lapsed since the expiration of the maximum sentence or sentences of the previous convictions and the time of the commission of the last felony for which the defendant has been convicted, then the defendant cannot be multiple billed. In State v. Anderson, 349 So.2d 311 (La.1977), the Louisiana Supreme Court held that the "maximum sentence" referred to in the above-cited statute was not necessarily the sentence imposed by the trial court, but was the actual sentence served whether it was diminished by good time or increased by revocation of parole or probation. See State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982).
In this case, the state proved that defendant was placed on two years' probation for the previous conviction. The defense argues that defendant may have been released from his probationary period prior to the two year period. Defendant Killion was placed on probation for two years on October 16, 1973. If he had not been released from active probation prior to the two year sentence, the five year cleansing period commenced on October 16, 1975. Defendant committed a second felony on May 26, 1980, before the five year period elapsed. By failing to show the actual sentence served by defendant, however, the state has not proved a prima facie case against defendant on his multiple bill hearing. The state should have proven defendant's date of discharge. Because the state did not make a prima facie showing of defendant's imprisonment and discharge, the trial court was in error in adjudicating the defendant a third offender.
For the foregoing reasons, the defendant's conviction is affirmed. We vacate his sentences and remand for re-sentencing in conformity with this opinion.
AFFIRMED IN PART, VACATED IN PART AND REMANDED IN PART.