496 So.2d 1159 (1986)
STATE of Louisiana
v.
Dennis LENNON.
No. KA-3716.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, *1160 Dist. Atty., Timothy M. Warner, Asst. Dist. Atty., Sherry T. Cochrane, Law Clerk, New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before BARRY, CIACCIO, and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, Dennis Lennon, was charged with three counts of aggravated burglary, a violation of LSA-R.S. 14:60, and three counts of armed robbery, a violation of LSA-R.S. 14:64. The charges had arisen out of four separate incidents which occurred during February and March of 1979. After a trial a twelve member jury found the defendant guilty as charged on all counts. He was sentenced to serve six consecutive sentencesthirty years as to each count of aggravated burglary and ninety-nine years as to each count of armed robberyfor a total of 387 years at hard labor. Pursuant to a multiple bill filed by the state, the trial court set aside defendant's original sentence and sentenced him as a third offender to serve twice the term of incarceration initially imposed on each count, running all sentences consecutively for a total 774 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appealed to the Louisiana Supreme Court, challenging the sentences imposed as excessive. That court affirmed the defendant's conviction but pretermitted a decision on the excessive sentence issue, having found that the defendant had been improperly sentenced as a third offender. State v. Lennon, 427 So.2d 860 (La.1983). The case was remanded for resentencing. Id. at 861. On May 16, 1983, the trial court resentenced the defendant as a second offender, again imposing the consecutive maximum terms allowed under the law for a total of 774 years. It is from this sentence that the defendant has appealed.
The record reflects that during February and March of 1979, a series of aggravated burglaries and armed robberies took place in which a masked perpetrator tied or handcuffed his victims after having gained entry to their homes by either threatening to kill or by physically assaulting them. Among the items stolen from the homes were guns, silver trays and tableware, gold watches and numerous pieces of diamond, emerald and opal jewelry. Several of the stolen items were found on the defendant's person when he was arrested on March 30, 1979. The defendant subsequently gave an oral statement in which he confessed to the armed robberies and to two of the aggravated burglaries.
The defendant's accomplices, Michael Macaluso and Kelly Christopher, the defendant's half-brother, testified that they had supplied the defendant with the names of several potential victims and had even taken the defendant to "case" the residences, including the residence of the aggravated burglary victim not mentioned in the defendant's statement. Macaluso admitted to helping the defendant remove scores of diamonds and other precious stones from their settings. Macaluso and Christopher then sold the gems, guns and silverware to other individuals, including many local jewelers, and split the proceeds with the defendant. Erin Christopher, the defendant's half-sister, and Melissa Macaluso testified that the defendant openly discussed the robberies and the victim assaults with them and had given them several stolen rings and gold chains as gifts. Items stolen from each of the victims were eventually recovered, identified, and traced back to the defendant.
Our review of the record reveals one error patent, to wit: the trial court erred in sentencing the defendant. The Louisiana Supreme Court and this court have held that multiple convictions entered on the same date must be treated as one conviction for enhancement purposes under LSA-R.S. 15:529.1. State v. Sherer, 411 So.2d 1050 (La.1982); State v. Killion, 483 So.2d 1281 (La.App. 4th Cir.1986) writ denied, 492 So.2d 1215 (La.1986). State v. Wells, 454 So.2d 403 (La.App. 4th Cir.1984). *1161 In the instant case the defendant was convicted of three counts of aggravated burglary and three counts of armed robbery on the same day. The trial court doubled the maximum terms of incarceration on each count. We note that the state acknowledged this error in its brief although it argued that the defendant's case should not be remanded for resentencing, which is contrary to the holdings in Sherer, supra, Killion, supra, and Wells, supra. Accordingly, we find that the trial court improperly sentenced the defendant as a second offender.
On appeal defendant asserts one assignment of error in which he argues that the trial court erred in imposing an excessive sentence. We pretermit the decision of this issue in light of the error patent in sentencing.
The defendant has filed a pro se brief in which he cites four assignments of error. In his first assignment of error, the defendant challenges the sufficiency of the evidence presented at trial. In accordance with State v. Raymo, 419 So.2d 858 (La. 1982), we have reviewed the above facts in order to determine whether the evidence presented at trial was sufficient to support defendant's convictions on all counts. Viewing both the direct and circumstantial evidence in the light most favorable to the prosecution, we find that any rational trier of fact could conclude that the state proved the elements of the crimes beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence. LSA-R.S. 15:438; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984); State v. Fuller, 414 So.2d 306 (La.1982). It should be noted that the Supreme Court previously affirmed defendant's convictions, Lennon, supra.
In his remaining three assignments of error, the defendant challenges the correctness of his extradition proceeding and the effectiveness of counsel rendered to him during trial. Because these claims fall within the context of those normally raised in an application for post-conviction relief, we decline to exercise our appellate jurisdiction. The defendant maintains his right to pursue these matters by proceeding in accord with LSA-C.Cr.P. Arts. 924 and 926.
For the foregoing reasons, defendant's conviction is affirmed but his sentence is set aside and the case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED SENTENCES VACATED AND THE MATTER REMANDED FOR RESENTENCING.
CIACCIO, J., concurs and assigns reasons.
CIACCIO, Judge, concurs and assigns reasons.
On at least two prior occassions and again today this court has followed the reasoning of State v. Sherer, 411 So.2d 1050 (La.1982), as it relates to a defendant's multiple offender status. See State v. Killion, 483 So.2d 1281 (La.App. 4th Cir.1986), and State v. Wells, 454 So.2d 403 (La.App. 4th Cir.1984). To the extent that we are bound to adhere to the directives of our Supreme Court I concur in the result that we reach in this case. I feel, however, that the reasoning of State v. Sherer, supra, is in error as it relates to a defendant's multiple offender status. See Justice Lemmon's concurrence in State v. Lennon, 427 So.2d 860, at 862 (La.1983).
In State v. Sherer, supra, the court misapplied the previously announced rule that "convictions on more than one count entered on the same date should be treated as one conviction for applying the habitual offender statute." See State v. Schamburge, 344 So.2d 997 (La.1977), and State ex rel. James Henry Jackson v. Henderson, 283 So.2d 210 (La.1973). If a previously once-convicted felon commits and is convicted of committing two new felonies, his multiple offender status as to the two new crimes is not dependent upon whether the two new convictions are entered on the same date. If convictions on the two new crimes are had on the same date, defendant is a second offender as to each. He is not a third offender. Nor is he a second offender *1162 as to only one and a first offender as to the other.
Because I feel that we are bound to follow State v. Sherer, supra, even though I think the reasoning of Sherer is incorrect, I concur in the result this court reaches today.