538 So.2d 682 (1989)
STATE of Louisiana
v.
Gregory NORWOOD.
No. 88-K-2333.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
Gregory Norwood, Washington Correctional Institute, Angie, relator.
Harry F. Connick, Dist. Atty., Parish of Orleans, New Orleans, for the State.
Before SCHOTT, C.J., and WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
Relator Gregory Norwood pled guilty as charged to battery on a police officer, possession of cocaine and theft of merchandise valued at over $500 on July 2, 1986. The three offenses had been charged by three separate bills of information. The State filed a multiple bill on July 11, 1986 and the defendant was adjudged a third offender. He was sentenced under the multiple offender statute, LSA-R.S. 15:529.1, for the theft and drug charges, and received an additional sentence for the battery charge, all to run concurrently.
*683 None of the relator's assignments of error are valid. He alleges first that under the provisions of La.C.Cr.P. art. 483 his prior felony convictions used for multiple bill purposes should have been included in the original indictment. La.C.Cr.P. art. 483, concerning allegations of prior convictions, provides as follows:
If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction.
An indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.
Under the provisions of the second paragraph of the above article, it would have been error for the trial court to have listed the prior offenses in the original indictment as the defendant wishes. That paragraph prohibits the trial court from listing prior convictions unless "necessary to fully charge the offense." Prior convictions are necessary to fully charge the offense only when the State seeks to convict the defendant under a statute which provides a greater sentence when the offender has previously been convicted of the same or another crime. See, e.g., LSA-R.S. 14:67 relative to theft, LSA-R.S. 14:82 relative to prostitution, LSA-R.S. 40:966(D) relative to possession of marijuana, and LSA-R.S. 14:95.1, relative to possession of a firearm or carrying concealed weapons by persons convicted of certain felonies.
Unless the prior conviction is necessary to fully charge the offense, listing a prior felony conviction on an indictment for a subsequent charge would be violative of the rule disallowing evidence of prior convictions. The Louisiana Supreme Court has held that including such information in an indictment "has the effect of immediately placing his character and previous criminal record before the jury," which is "prejudicial to the rights of the accused and fatal error." State v. Jones, 209 La. 394, 24 So.2d 627, 629 (1945).
Secondly, relator complains that the trial judge improperly sentenced him as a multiple offender because all the convictions used in the multiple bill occurred on the same day. In State v. Sherer, 411 So.2d 1050 (La.1982), the Louisiana Supreme Court held convictions for more than one count entered on the same day should be counted as one conviction for multiple bill purposes. Id. at 1057. However, in State v. Algere, 474 So.2d 24 (La.App. 4th Cir.1985), this court limited the application of Sherer, supra, holding that the reasoning in that case does not extend to separate offenses committed on different dates and charged under separate bills even when the defendant pleads guilty to all of the offenses at the same time. Algere, 474 So.2d at 25. The record in the instant case indicates that the defendant was charged under three separate billsone for possession of cocaine on December 10, 1985, one for battery on a policeman on December 10, 1985 and one for theft on April 16, 1986. Relator was properly sentenced as a habitual offender only for the drug and theft charges, not for the battery charge which was charged on the same day as the drug charge.
By his third complaint, relator alleges that the trial court failed to vacate the sentence imposed for the substantive offenses prior to the imposition of sentence under the multiple offender statute, LSA-R.S. 15:529.1. This allegation is meritless because it is unsupported by the record and because only one sentence was imposed for each conviction.