554 So.2d 833 (1989)
STATE of Louisiana
v.
Aaron LEAGEA.
Nos. KA 89 0167, KA 89 0170.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
*834 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge, by Bill Hecker, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
The defendant, Aaron Leagea, was charged by grand jury indictment with attempted armed robbery and attempted second degree murder, violations of La.R.S. 14:27 and 64 and La.R.S. 14:27 and 30.1, respectively. In the same indictment, he was also charged with two counts of armed robbery, in violation of La.R.S. 14:64. He pled not guilty and, after trial by jury, was found guilty as charged of attempted armed robbery and attempted second degree murder. However, the defendant was acquitted on both counts of armed robbery. The defendant was subsequently adjudicated a second felony habitual offender. Pursuant to the habitual offender adjudication, for the attempted second degree murder conviction, the defendant received a sentence of fifty years at hard labor. Additionally, pursuant to the habitual offender adjudication, for the attempted armed robbery conviction, the defendant received a concurrent sentence of fifty years at hard labor, without benefit of parole, probation, or suspension of sentence. Subsequently, the defendant was granted an out-of-time appeal. Defendant alleges fourteen assignments of error, two of which were briefed. Those assignments of error not briefed are considered abandoned. Uniform RulesCourt of AppealRule 2-12.4. The errors considered are as follows:
1. The evidence was insufficient to support the defendant's convictions.
2. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
At approximately 10:15 p.m. on March 27, 1985, the defendant and two accomplices, Robert Williams and Sidney Earl Wright, attempted a robbery at Ruby's Restaurant on Concord Avenue in Baton Rouge, Louisiana. The defendant was armed with a .22 caliber pistol, which was loaded with blanks. Both the defendant and Williams stated that Wright was armed with a .38 caliber pistol. Because he had seen prowlers in the area earlier, the owner of the restaurant, Gordon Bargas, was carrying a .38 caliber pistol. As the restaurant was closing, several employees were taking the trash outside the back door, accompanied by Bargas. The area behind the restaurant was enclosed by a high fence. Suddenly, the defendant and his two accomplices jumped over the fence, and a gun battle took place. The defendant was shot in the abdomen and in the leg by Bargas. Williams testified that as Bargas attempted to take cover, he was shot in the hip by Wright.
Shortly thereafter, defendant was apprehended nearby. Williams testified that he and Wright fled the scene in Williams' brown Cadillac, which was pursued by Chuck Smith, a deputy coroner. Smith pursued the Cadillac until he was able to obtain the license plate number, which he reported to the authorities. Approximately *835 thirty minutes later, the Cadillac was spotted and stopped; Williams was arrested. Wright was later arrested at his home. Upon his release from the hospital, the defendant made a taped confession of his involvement in the robbery attempt at Ruby's.[1]

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that there was insufficient evidence to support his convictions of attempted armed robbery and attempted second degree murder.
The proper procedural vehicle for raising the sufficiency of the evidence is by a motion for post-verdict judgment of acquittal. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. The standard set forth in Article 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
In the defendant's brief to this Court, he contends that the State failed to prove the elements of attempted second degree murder beyond a reasonable doubt. Specifically, the defendant argues that he did not have the necessary intent to commit attempted second degree murder of Bargas, as evidenced by the fact that his gun only contained blanks. He also points to the fact that it was an accomplice who shot Bargas.
Initially, we note that the defendant does not contest the sufficiency of the evidence in regard to the attempted armed robbery conviction. Furthermore, we note that the defendant's argument to this Court completely ignores the law of principals. La. R.S. 14:24 provides:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
His argument that he did not have the specific intent to commit attempted second degree murder of Bargas is not supported by the evidence.
The perpetrators planned this robbery beforehand, although they may not have planned it in detail. The defendant was armed with a gun, although it contained blanks. He also knew that Wright was armed.[2] The defendant's taped confession and his trial testimony indicate that the robbers understood that, if necessary, they would use deadly force to accomplish the robbery. Under these circumstances, the necessary specific intent to commit attempted second degree murder can be inferred from the defendant's voluntary decision to participate in this armed robbery attempt. See State v. Tobias, 452 So.2d 157 (La.1984); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983).
This assignment of error is meritless.

PATENT ERROR
In assignment of error number two, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.C.Cr.P. article 894.1. Because we have discovered patent error in the habitual offender adjudications, the habitual *836 offender adjudications and sentences for both convictions are vacated and remanded. Therefore, we need not address assignment of error number two.
The instant habitual offender bill of information lists both the attempted armed robbery and attempted second degree murder convictions. At the habitual offender adjudication hearing, the trial court did not specify which conviction was being enhanced as a second felony under La.R.S. 15:529.1. Therefore, we must conclude that both convictions were enhanced as second felonies under this statute. Such a result is prohibited by the so-called "one day, one conviction, rule." See State v. Sherer, 411 So.2d 1050 (La.1982). When two or more convictions are entered on the same day, only one such conviction can be enhanced under the habitual offender statute.[3] The sentence(s) on the remaining conviction(s) should be imposed in the manner required by the underlying statute. Therefore, upon remand, should the State again decide to institute habitual offender proceedings against the defendant, only one of the two instant convictions can be so enhanced.

DECREE
For the reasons assigned, the convictions of attempted second degree murder and attempted armed robbery are affirmed. The habitual offender adjudications and sentences thereunder are vacated and set aside and we remand to the district court for such further proceedings as may be instituted in accordance with law and consistent with the principles expressed herein.
CONVICTIONS AFFIRMED. VACATE HABITUAL OFFENDER ADJUDICATIONS AND SENTENCES AND REMAND TO THE DISTRICT COURT.
NOTES
[1] Because the defendant was acquitted of the two counts of armed robbery, it is unnecessary to give a detailed account of the facts of those offenses. Both robberies involved fast food restaurants (Kentucky Fried Chicken and Godfather's Pizza). In each robbery, three armed, black males entered the restaurant at closing time, surprised the employees, and forced them to surrender money from cash registers and safes.
[2] There is a discrepancy in the evidence as to whether or not Robert Williams was armed in the robbery attempt at Ruby's. At the trial, Williams denied having a weapon. However, Bargas testified that all three perpetrators were armed. Nevertheless, there is no doubt defendant embarked on this enterprise possessing a gun loaded with blanks and knowing that Wright was armed with a pistol.
[3] Both of the instant offenses occurred as a result of the same criminal transaction and were charged in the same indictment. See State v. Norwood, 538 So.2d 682 (La.App. 4th Cir. 1989); State v. Algere, 474 So.2d 24 (La.App. 4th Cir.), writ denied, 475 So.2d 365 (La.1985).