ARMSTRONG, Judge.
Defendants, Nolan Johnson and Joseph Powell, were each charged with two counts of distribution of cocaine, a violation of LSA-R.S. 40:967. Defendants were jointly tried and a jury found each of them guilty as charged. Johnson was sentenced to ten years at hard labor on each count, with credit for time served and sentences to run concurrently; Powell was sentenced to ten years at hard labor on each count, sentences to run concurrently. A multiple bill of information was filed as to each defendant. Johnson was adjudged a second felony offender. His original sentence was vacated, and he was sentenced to fifteen years at hard labor in the custody of the Department of Corrections with credit for time served. The trial court ordered that Johnson’s sentence be served without benefit of probation or good time. Powell was adjudged a third felony offender. His original sentence was vacated, and he was sentenced to twenty years at hard labor in the custody of the Department of Corrections with credit for time served. The trial court ordered that Powell’s sentence be served without benefit of probation, suspension of sentence or good time. .
Defendants now appeal, alleging that the trial court erred in 1) denying a mistrial under LSA-C.Cr.P. art. 771 after a witness for the State referred to an arrest not part of this prosecution, and 2) denying good time eligibility when sentencing defendants.
FACTS
In November 1989, Officers Tommy Mercadel, Tim Bayard and Charles Watkins of the New Orleans Police Department participated in “Operation Curb Service,” an undercover operation directed at street level narcotics dealers. Officer Mercadel worked undercover from one automobile, while Officers Bayard and Watkins were positioned in a separate automobile.
On November 6, 1989, Officer Mercadel drove through the 1900 block of JoAnn Street in Algiers. He testified that a certain subject, identified in court as defendant Johnson, waved him down and asked if he wanted “a twenty” (slang for a $20.00 rock of crack cocaine). Officer Mercadel exchanged $20.00 for a rock-like substance, then radioed a description of Johnson to Officers Bayard and Watkins, who were stationed in a car just seconds away. Officers Bayard and Watkins spotted Johnson, stopped him and conducted a field interview. At this time, Officer Mercadel drove by in the car and positively identified Johnson as the offender by nodding his head and transmitting the positive identification. Johnson was released (apparently so as not to disclose the undercover operation). The three officers met in a pre-arranged location, and Officer Mercadel gave the evidence to Officer Watkins. An arrest warrant was later issued for Johnson.
On November 8, 1989, Officer Mercadel again drove down the 1900 block of JoAnn Street. He heard a whistle and was waved down by a subject who was identified in court as defendant Powell. Defendant sold “a twenty” to Officer Mercadel. Under the guise of remaining in the car to test the cocaine, Officer Mercadel parked the car and radioed a description of the transaction to Officers Bayard and Watkins. He then directed them to Powell. Officers Bayard and Watkins drove into the area, located Powell through Officer Mercadel’s direction, detained him for positive identification, then allowed him to leave. The three officers then met in a pre-arranged location, where Officer Mercadel gave Officer Watkins the evidence. An arrest warrant was later issued for Powell.
On November 20, 1989, Officer Mercadel observed the two defendants in the 1900 block of JoAnn Street. Johnson waved him down, and Powell gave him two rock-like substances. Officer Mercadel radioed a de *66 scription to Officers Bayard and Watkins, who drove into the area, located defendants, detained them and conducted a field interview. Defendants were allowed to leave. The three officers met, and Officer Mercadel gave the evidence to Officer Watkins.
Officer Charles Krone and Paul Wertz, experts in the identification and analysis of controlled dangerous substances, testified that the rock-like substances tested positive for cocaine.

Assignment of Error No. 1

First, defendants contend that the trial court erred in denying their Motion for a Mistrial after Officer Mercadel referred to an arrest of Johnson which was unrelated to this prosecution. At the trial, the following exchange took place:
Q [BY ASSISTANT DISTRICT ATTORNEY] Now, in connection with these cases, did you ever apply for arrest warrants nor [sic, for] these two men?
A [BY OFFICER MERCADEL] Yes, ma’am.
Q What happened after that? What happened after you—
A * * *
I can’t remember about Mr. Powell. Mr. Johnson had been arrested the night before from across the River. I don’t know exactly what location, but he had been arrested for distribution of crack Cocaine.
The defense moved for a mistrial. The trial court denied the motion but admonished the jury to disregard Officer Mercadel’s last comment.
LSA-C.Cr.P. art. 770 mandates a mistrial upon motion of a defendant when certain enumerated remarks or comments are made within the hearing of the jury by the judge, district attorney, or a court official. A police officer who testifies at trial is not a “court official,” and therefore, an improper remark by the officer does not mandate a mistrial under Article 770. State v. Hayes, 414 So.2d 717, 721 (La.1982); State v. Gibson, 458 So.2d 525, 526 (La.App. 4th Cir.1984); State v. Henry, 461 So.2d 484, 485-86 (La.App. 3d Cir.1984), writ den. 464 So.2d 313 (La.1985). Further, there is no evidence here that Officer Mercadel has made similar comments in previous cases or that his answers show a pattern of unresponsiveness or improper intent, which might elevate him to a higher standard. See State v. Nuccio, 454 So.2d 93, 101 (La.1984); State v. Schwartz, 354 So.2d 1332, 1333 n. 2 (La.1978) [Court questioned wisdom of holding police officer to a lesser standard than a court official where the police officer has routinely gratuitously implicated defendant in other crimes].
Therefore, Article 771 is controlling here. LSA-C.Cr.P. art. 771 provides the remedy which is available when an improper remark or comment is made by a witness in the case. Article 771 provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
[[Image here]]
(2) When the remark or comment is made by a witness or person other than the judge, a district attorney, or a court official, regardless of whether the remark or comment is within the scope of the Article 770.
In such cases, on motion of'the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Under Article 771, the decision as to whether to grant a mistrial or admonition is within the sound discretion of the trial court. State v. Allen, 431 So.2d 808, 816 (La.App. 4th Cir.1983); State v. Williams, 445 So.2d 1171 (La.1984). See State v. Goods, 403 So.2d 1205, 1208 (La.1981). A mistrial is a drastic remedy and, except in cases where it is mandatory, is only war *67 ranted if substantial prejudice results which would deprive defendant of a fair trial. State v. Allen, 431 So.2d at 816, citing State v. Tribbet, 415 So.2d 182 (La.1982); State v. Harris, 383 So.2d 1 (La.1980).
In the instant case, it does not appear that Officer Mercadel’s remark was precipitated by or should have been anticipated by the Assistant District Attorney, see State v. Allen, supra, or that it was intentionally unresponsive or otherwise intended to present improper evidence to the jury, see State v. Nuccio, 454 So.2d at 102. Further, the trial court’s admonition to the jury was immediate and complete. Accordingly, the trial court did not clearly abuse its discretion. See State v. Fuselier, 474 So.2d 556, 559 (La.App. 3d Cir.1985).
Therefore, this assignment of error is without merit.

Assignment of Error No. 2

Next, defendants contend that the trial court erred in denying good time eligibility at the defendants’ sentencing.[1] This assignment has merit.
The trial court is without authority to award or deny good time eligibility during the sentencing of a defendant. State v. Melancon, 536 So.2d 430, 434 (La.App. 4th Cir.1988). Therefore, the prohibition of good time eligibility should be deleted.

Errors Patent Review

A review of the sentencing transcript reveals an ambiguity in defendants’ sentences on the face of the record. As previously stated, each defendant was charged by the same bill of information and convicted of two counts of Distribution of Cocaine. In sentencing each defendant as a multiple offender, it is not clear whether the. trial judge intended to enhance only one count to the greater sentence of both counts.
The Louisiana Supreme Court has held that multiple convictions entered on the same date must be treated as one conviction for enhancement purposes under LSA-R.S. 15:529.1. State v. Sherer, 411 So.2d 1050, 1057 (La.1982). Under this rule, defendants could not be sentenced as multiple offenders on both counts of distribution of cocaine.
The Fourth Circuit has applied Sherer in cases where defendant was charged with multiple counts on the same bill of information or indictment and was convicted for the offenses on the same day. See State v. Wells, 538 So.2d 1053 (La.App. 4th Cir.1989), writ den. 546 So.2d 1210 (La.1989); State v. Williams, 522 So.2d 1171 (La.App. 4th Cir.1988).
However, this Court limited Sherer’s application where the convictions arose out of separate offenses committed on different days and charged by separate offenses committed on different days and charged by separate bills of information. State v. Algere, 474 So.2d 24 (La.App. 4th Cir.1985), writ den. 475 So.2d 365 (La.1985); State v. Norwood, 538 So.2d 682 (La.App. 4th Cir.1989). See also State v. Leagea, 554 So.2d 833, 836 n. 3 (La.App. 1st Cir.1989). In Algere, this Court granted writs and held that the imposition of enhanced penalties for four offenses committed on different dates was not precluded by the fact that defendant pleaded guilty to all four offenses at the same time. The Court reasoned:
In State v. Wells, 454 So.2d 403 (La.App. 4th Cir.1984) this court applied Sherer to the case of a defendant convicted of aggravated kidnapping, aggravated rape, aggravated crime against nature, and armed robbery committed successively against the same victim on the same date.
* * * * * *
(I)n the instant case, the trial court has erroneously extended Sherer, and Wells.
¾: * * ⅜ sjc *
Logic dictates the imposition of enhanced sentences for each offense in this case. When defendant committed armed robbery and second degree battery on September 26, 1983 he had been convicted of simple burglary on November 18, *68 1981 and thus earned the distinction of being an habitual offender. When he committed armed robbery and attempted murder against another victim on November 17, 1988 he qualified again as an habitual offender because of his 1981 conviction. The fact that he had already qualified once should not exempt him from enhanced punishment for this new offense. The same applies to his new armed robberies of December 7 and December 20, 1983. He could have been tried separately for each offense. No valid reason exists for exempting him from enhanced penalties for all four offenses simply because he decided to plead guilty to all four at the same time.
Id. at 25.
An examination of Algere would suggest that, although this Court considered whether the offenses were committed against different victims on different dates, the holding is limited to cases where the defendant was charged on separate bills of information and possibly to cases where defendant pleaded guilty to all on the same date.
In the instant case, although both of defendants’ separate offenses occurred on different days, defendants were each charged with two counts of distribution of cocaine on the same bill of information. Furthermore, defendants here were tried on all counts together and were found guilty as charged. Thus, this Court’s limitation of Sherer as applied in Algere and Norwood does not extend to this case.
Since it is not clear whether the trial court improperly enhanced both counts for each defendant or enhanced only one count each, we must set aside the sentences. State v. Sherer, supra.
Accordingly, the defendants’ convictions are affirmed. The sentences are vacated and the case is remanded to the trial court for resentencing and clarification as to which count was multiple billed for each defendant.
CONVICTION AFFIRMED, SENTENCES VACATED, REMANDED.

. This assignment of error constitutes an error patent on the face of the record.