JiCOOKS, Judge.
Markus Gillord was charged by Bill of Indictment with two counts of aggravated rape, a violation of LSA-R.S. 14:42; attempted aggravated rape, a violation of LSA-R.S. 14:27 & 14:42; and aggravated oral sexual battery, a violation of LSA-R.S. 14:43.4. Gil-lord’s victim was his live-in girlfriend’s fourteen-year-old daughter. Pursuant to a plea agreement, the bill of indictment was amended to add the charge of forcible rape, a violation of LSA-R.S. 14:42.1, and Gillord pled guilty to the charge of forcible rape. He was sentenced to serve twenty-five years at hard labor. Ten years of this sentence must be served without benefit of probation, parole, or suspension of sentence.
Gillord contends his sentence is excessive. He complains the trial judge failed to adequately articulate the reasons for the sentence and the factual basis for its imposition. Gillord also asserts the trial judge improperly deviated from the sentence recommended by the Sentencing Guidelines. For the following reasons, we affirm.
|2In State v. Smith, 93-0402, p. 3 (La.1994), 639 So.2d 237, 240, the Louisiana Supreme Court stated:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. (Footnotes omitted.)
A trial judge is not compelled to reference every aggravating and mitigating circumstance to comply with the article’s mandate. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Stein, 611 So.2d 800, 801 (La.App. 3d Cir.1992).
The trial judge considered the guidelines and stated he would not impose the recommended sentence. The record shows the trial judge adequately stated the considerations taken into account and the factual basis for imposition of the sentence. During Gillord’s sentencing, the trial judge noted the following: Gillord lived with the fourteen-year-old victim’s mother and used his status *812 as the mother’s live-in to facilitate the commission of the offense; Gillord knew or should have known the victim was vulnerable because of her youth; Gillord threatened the victim with a gun and threaten to hurt her family; and the victim has suffered significant permanent psychological injury. Although threat of physical violence is an element of the crime charged, the trial judge enumerated other factors he considered before sentencing Gillord. This record shows the trial judge complied with LSA-C.C.P. art 894.1 by ^considering the guidelines and setting forth the factual basis for imposition of the sentence. Therefore, review of the sentence is limited to constitutional excessiveness.
Article 1, § 20 of the Louisiana Constitution of 1974 prohibits “cruel, excessive, or unusual punishment.” A sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3d Cir.1988). To constitute an excessive sentence, this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
LSA-R.S. 14:42.1(B) mandates a sentence of five to forty years imprisonment at hard labor, at least two of which shall be without benefits of probation, parole, or suspension of sentence. Gillord was sentenced to serve twenty-five years at hard labor. Ten years of the sentence must be served without benefit of probation, parole or suspension of sentence. Gillord reduced his sentence exposure from a possible life sentence to a maximum of forty years by pleading guilty to forcible rape. The trial judge noted the depravity of the crime committed and Gillord threats to kill the victim’s family members. The trial judge found an absence of factors tending to mitigate the severity of the crime. We find Gillord’s twenty-five year sentence is not so grossly disproportionate to the severity of the crime as to |4shock our sense of justice. The sentence makes a measurable contribution to acceptable penal goals and is not a needless imposition of pain and suffering. Accordingly, Gillord’s sentence is affirmed.
AFFIRMED.