661 So.2d 1047 (1995)
STATE of Louisiana
v.
Dennis Stephen LENNON.
No. 95-KA-0402.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1995.
*1048 Harry F. Connick, District Attorney for Orleans Parish, Susan M. Erlanger, Assistant District Attorney for Orleans Parish, New Orleans, for appellee.
Samuel S. Dalton, Jefferson, for appellant.
Before BARRY, LOBRANO and PLOTKIN, JJ.
BARRY, Judge.
On July 28, 1981 the defendant was convicted of three counts of aggravated burglary (La.R.S. 14:60) and three counts of armed robbery (La.R.S. 14:64). The Supreme Court affirmed defendant's convictions and vacated his sentences. State v. Lennon, 427 So.2d 860 (La.1983). The district court resentenced defendant and he appealed. This Court affirmed his convictions and again vacated his sentences. State v. Lennon, 496 So.2d 1159 (La.App. 4th Cir.1986). The district court resentenced the defendant on December 29, 1986 and thereafter granted a motion to correct an illegal sentence. On January 14, 1994 the district court sentenced the defendant to 30 years each for counts one through three (aggravated burglary) and 99 years without benefit of parole, probation, or suspension of sentence each for counts four through six (armed robbery), the sentences to be concurrent. The defendant pleaded guilty to a multiple bill as to count six (armed robbery). The trial court vacated the sentence on count six and sentenced defendant to 75 years at hard labor without benefit of parole, probation, or suspension of sentence for count six, consecutive with the 30 year sentence on count one.
Defendant's appeal asserts that the trial court erroneously instructed the jury on reasonable doubt, and that the sentences are excessive.

Facts
The facts are set forth in State v. Lennon, 496 So.2d 1159 (La.App. 4th Cir.1986) and summarized as follows. Defendant committed a series of aggravated burglaries and armed robberies in February and March 1979. He gained entry into the victims' homes by threatening them and tied or handcuffed *1049 the victims. He stole guns, jewelry and tableware, and several items were found on his person when he was arrested on March 30, 1979. The defendant orally confessed to the armed robberies and two aggravated burglaries.

Jury Instructions
Defendant claims the trial court's jury instruction on reasonable doubt was unconstitutional under Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) and Sullivan v. Louisiana, ___ U.S. ___, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). That claim has no merit.
Defendant's conviction was previously affirmed on appeal and is final. Defense counsel asserted the Cage claim in a motion for new trial. At the sentencing hearing defense counsel acknowledged the claim has no merit, and the district court denied the motion. Although the defendant's claim should have been raised in a timely application for post conviction relief, we will consider the argument in the interest of judicial economy.
Defense counsel conceded at the January 14, 1994 sentencing that no objection to the instruction was raised during trial. Therefore the issue was not preserved for appeal. State v. Wolfe, 630 So.2d 872, 883 (La.App. 4th Cir.1993), writ den. 94-0448 (La. 10/28/94), 644 So.2d 648; State v. Berniard, 625 So.2d 217 (La.App. 4th Cir.), on rehearing 625 So.2d 220 (La.App. 4th Cir. 1993), writ den. 93-2705 (La. 9/23/94), 642 So.2d 1308, cert. den., ___ U.S. ___, 115 S.Ct. 1121, 130 L.Ed.2d 1084 (1995).[1]
Nonetheless, the jury instruction was not constitutionally deficient. The record does not have the transcript of the charge but contains a Declaration by Authentic Act executed by the trial judge of the jury charge:
Reasonable doubt is doubt that must be based on reason and it must be substantial rather than speculative. It must be sufficient enough to cause a reasonable person to hesitate to act in important affairs of a person's lief [sic, life]. This doubt must be a reasonable one, one founded on a real tangible basis and not upon a mere conjecture. Reasonable doubt is not a mere possible doubt, it is an actual doubt. It is a serious doubt for which you could give a good reason. There would be a reasonable doubt if after all the evidence is compared and considered by you, and in your mind you do not have an abiding conviction to a moral certainty of the guilt of the defendant or defendants. A reasonable doubt is one based upon reason and common sense. I charge you that a defendant is never to be convicted upon mere suspicion, conjecture, or probability of guilt. If you entertain any reasonable doubt as to any element necessary to constitute the defendant's guilt it is your sworn duty to give the defendant the benefit of that doubt and acquit him. On the other hand, if you find from the testimony and evidence that the State has proved the defendant guilty beyond a reasonable doubt then you are to return a verdict of guilty. [Emphasis added.]
The defendant objects to "substantial," "actual doubt," "real tangible basis," "hesitate to act," and "moral certainty."
When considering an allegedly improper jury instruction, this Court must determine whether it is "reasonably likely" that the jury applied the challenged instruction in an unconstitutional manner, not whether it is possible that the jury misapplied the instruction. Victor v. Nebraska, ___ U.S. ___, 114 S.Ct. 1239, 1241, 127 L.Ed.2d 583 (1994); State v. Smith, 91-0749 (La. 5/23/94), 637 So.2d 398, 402, cert. den., ___ U.S. ___, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994). To determine whether it is reasonably likely that the jurors misapplied the instruction, the challenged terms are considered in relation to the instruction as a whole. State v. Smith, 637 So.2d at 403.
The terms "substantial," "actual doubt," and "real tangible basis" distinguish reasonable doubt from speculation, conjecture, and mere possible doubt, concepts expressed within the same sentences as the questioned *1050 terms. When read in context, those terms clearly address the existence rather than the magnitude or degree of doubt and inform the jury that reasonable doubt is not speculative doubt. Compare State v. Kelly, 92-2446 (La. App. 4 Cir. 7/8/94), 639 So.2d 888, 895, writ den. 94-2087 (La. 1/6/95), 648 So.2d 921, in which the phrase "actual or substantial doubt" was upheld as an alternative definition of reasonable doubt where the court re-read the instruction to the jury and preceded that phrase with "A reasonable doubt is not a mere possible doubt."
The term "moral certainty" was used in a similar sentence and was upheld in Victor v. Nebraska, ___ U.S. at ___, 114 S.Ct. at 1243. The instruction in Victor read in pertinent part:
It is such a doubt as will not permit you, after full, fair, and impartial consideration of all the evidence, to have an abiding conviction, to a moral certainty, of the guilt of the accused.
By linking "moral certainty" with "abiding conviction," the jury understands the necessity to determine the defendant's guilt with near certainty. Moreover, the phrase immediately preceding the challenged term requires the jury to consider all the evidence. Three sentences later the charge instructs the jury that "any reasonable doubt as to any element" of the crime requires acquittal. Thus "moral certainty" would not likely be disassociated from the evidence. See State v. Smith, 637 So.2d at 405; State v. Kelly, 639 So.2d at 895.
The defendant does not explain how the phrase "hesitate to act" lessens the state's burden of proof. In the context of this jury instruction, that term does not suggest a higher degree of doubt than that required for acquittal under the reasonable doubt standard. Considering the sentences immediately preceding and succeeding the challenged term, its clear purpose is to inform the jury that reasonable doubt is not mere conjecture or speculative doubt.
Considering the challenged terms in context of the instruction as a whole, it is not reasonably likely that the jury misapplied the instruction in an unconstitutional manner. That assignment of error is without merit.

Sentence
Defendant submits that the sentencing judge failed to consider the Louisiana Sentencing Guidelines and imposed an excessive sentence. The state responds that the sentences resulted from a plea agreement and the defendant is prohibited from appealing the sentences. See State v. Hicks, 403 So.2d 676, 677 (La.1981).
The record does not establish that defendant's sentences resulted from a plea bargain. Counsel alluded to an "agreement" at the sentencing hearing, but the terms of the agreement are not known. The record does not contain a plea agreement whereby the defendant and the district court negotiated particular sentences or show that such an agreement reached fruition. Defense counsel's motion for reconsideration of sentence challenged the sentences, clearly indicating that no agreement was reached. Therefore, we will address defendant's argument.
Defendant contends his sentences should be vacated because the sentencing court failed to consider the Louisiana Sentencing Guidelines under La.C.Cr.P. art. 894.1(A) and State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237. Smith held that the trial judge must consider the Guidelines but has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive. 639 So.2d at 240. Smith did not require a statement on the record that the judge considered the Guidelines. State v. Wise, 93-0105 (La.App. 4 Cir. 9/29/94), 644 So.2d 230, 234.
The Louisiana Sentencing Guidelines are no longer in effect. La.R.S. 15:325-329, which provided for the adoption and promulgation of the Louisiana Sentencing Guidelines, were repealed by Acts 1995, No. 942, § 3, eff. August 15, 1995. La.C.Cr.P. art. 894.1 was amended and reenacted by Act 942 to delete reference to those Guidelines and to provide sentencing guidelines now in effect. Under La.C.Cr.P. art. 894.1(C) the court must state for the record the considerations taken into account.
Where a sentencing court articulates the basis for the sentence, it would be a *1051 waste of judicial resources to vacate the sentence for failure to consider the old Guidelines and remand for resentencing under the new scheme which no longer requires consideration of those Guidelines.
The sentencing judge articulated the basis for the sentences. At the January 14, 1994 sentencing hearing, the judge stated that he considered a Pre-Sentence Investigation report and the probation department's recommendation against a suspended sentence. The court noted the defendant has a "significant criminal history." Additionally, the predicate offense for the multiple bill to which the defendant pleaded guilty is second degree burglary in Oklahoma.
Defendant asserts that his sentence is excessive. Excessive punishment is prohibited by La. Const. Art. I, § 20 (1974). Punishment is excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering or is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251, 1253 (La.1983). The sentencing court is vested with great discretion. State v. Villavicencio, 528 So.2d 215, 217 (La.App. 4th Cir.), writ den. 533 So.2d 14 (La.1988).
La.C.Cr.P. art. 881.4 as amended by Acts 1995, No. 942, eff. August 15, 1995 provides:
The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
The record clearly supports the sentences. The current sentences are for three aggravated burglaries and three armed robberies in which the defendant entered the victims' homes, tied or handcuffed the victims and threatened them. The defendant was previously convicted of felony offenses and pleaded guilty to a multiple bill on count 6 (armed robbery). Defendant's criminal history and the severity of the instant offenses are egregious and support the sentences imposed.
Defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Judges Barry and Plotkin (on this appeal) and Judges Klees, Jones, Waltzer and Landrieu dissented on rehearing in State v. Berniard, 625 So.2d 217, 220 (La.App. 4 Cir.1993).