665 So.2d 124 (1995)
STATE of Louisiana
v.
Timothy HILTON.
No. 95-KA-0586.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1995.
Harry F. Connick, District Attorney of Orleans Parish, Susan M. Erlanger, Assistant District Attorney of Orleans Parish, New Orleans, for the State of Louisiana.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
*125 Before BYRNES, PLOTKIN and WALTZER, JJ.
PLOTKIN, Judge.
Appellant Timothy Hilton was found guilty of attempted simple robbery in violation of LSA-R.S. 14:62. The State filed a multiple bill and the trial judge found the appellant to be a third offender. Timothy Hilton was sentenced to serve ten years at hard labor. He appeals his sentence as excessive.
Timothy Hilton was discovered by police officers inside the garage of a service station after 2:30 a.m. on July 29, 1993. The police had responded to a call about a potential break-in by a suspicious person matching Hilton's description. Upon arrival the police officers discovered that the garage door had been broken but could not see anyone inside. Hilton revealed himself inside the garage when a police canine was positioned to enter through the broken door. Hilton struggled with the officers and was arrested. Hilton was charged with simple burglary on August 1, 1993, and entered a plea of not guilty on September 1, 1993.
The station's owner testified at trial that he did not know Hilton and had not given him permission to enter the garage. Although the garage appeared to have been ransacked, the owner could not determine if anything was missing. A six-member jury convicted Hilton of attempted simple burglary. At the multiple bill hearing, Hilton was found in contempt of court for refusing to be fingerprinted. The trial judge sentenced Hilton to serve six months in parish prison for contempt and ten years at hard labor for the attempted simple robbery as a third offender. Hilton's motion to reconsider the sentence was denied.
On appeal, defense counsel asserts that the trial judge erred by exceeding the recommended sentence from the Louisiana Sentencing Guidelines without giving appropriate reasons. The Sentencing Guidelines recommend a sentence of sixty to seventy-two months. Hilton received a sentence one and two-thirds times the maximum under the Guidelines. As a third offender convicted of attempted simple burglary, Hilton could be sentenced under LSA-R.S. 14:27, 14:62, and 15:529.1 to a sentence of imprisonment for four to twelve years.
As noted by this Court in State v. Lennon, 95-0402 (La.App. 4th Cir. 9/15/95), 661 So.2d 1047, the Louisiana Sentencing Guidelines have been repealed by Act No. 942, § 3, of 1995, effective August 15, 1995. Code of Criminal Procedure article 881.4 as amended provides:
The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
Hilton, like Lennon, was sentenced prior to the effective date of Act No. 942. In Lennon, however, this Court held,
Where a sentencing court articulates the basis for the sentence, it would be a waste of judicial resources to vacate the sentence for failure to consider the old Guidelines and remand for resentencing under the new scheme which no longer requires consideration of those Guidelines.
Lennon, supra, at 1050-51.
At Hilton's sentencing hearing, the trial judge indicated that he had considered the Sentencing Guidelines, which he believed provided an insufficient sentence for Hilton given his prior record of burglaries and the fact that the jury returned a compromised verdict. Cf. State v. McGuire, 560 So.2d 545 (La.App. 1st Cir.1990). Because the record supports the sentence imposed, the sentence is affirmed.
A review of the record for patent errors, as required by La.C.Cr.P. art. 920, reveals none.
AFFIRMED.