684 So.2d 48 (1996)
STATE of Louisiana
v.
Gregory John RUIZ, Defendant-Appellant.
Nos. CR96-386, CR96-387.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*50 Bernard E. Boudreaux, Jr., Dist. Atty., Robert C. Vines, Asst. Dist. Atty., Phil Haney, Tulsa, for the State.
P. Charles Calahan, New Iberia, for Gregory John Ruiz.
Before WOODARD, DECUIR and PETERS, JJ.
DECUIR, Judge.
These two appeals have been consolidated as they arise out of the same parish, the same plea proceeding, and the same sentencing proceeding. Defendant, Gregory John Ruiz, was charged by bills of information with three counts of distribution of cocaine, violations of La.R.S. 40:967(A)(1); three counts of possession of marijuana with intent to distribute, violations of La.R.S. 40:966(A)(1); possession of cocaine, a violation of La.R.S. 40:967(C); possession of drug paraphernalia, a violation of La.R.S. 40:1033(C); and possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1).
On September 21, 1994, defendant appeared in court, waived the presence of counsel, and entered a plea of not guilty to the charges in 96-387. On April 10, 1995, defendant appeared in court with counsel. Pursuant to a plea bargain agreement, the defendant withdrew his previous pleas of not guilty and entered pleas of guilty to the following charges: two counts of distribution of cocaine, violations of La.R.S. 40:967(A)(1)(docket number 94-858), and one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1) (docket number 94-1322). On motion of the assistant district attorney, all remaining counts were dismissed. On June 12, 1995, defendant was sentenced to seventy-eight months at hard labor on the distribution charges, to run concurrent to one another, and seventy-eight months at hard labor on the possession of cocaine with intent to distribute charge, to run consecutive to the other sentences imposed. Defendant filed a Motion To Reconsider Sentence which was denied by the trial court on June 23, 1995. A Motion For An Out Of Time Appeal was filed on the defendant's behalf and was granted on April 18, 1996. Accordingly, defendant now seeks review with this court alleging the same assignments of error in both appellate dockets.
The defendant pled guilty to two counts of distribution of cocaine, violations of La.R.S. 40:967(A)(1), and one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). On motion of the assistant district attorney, several remaining drug charges were dismissed. These charges resulted from an undercover operation during which it was discovered that the defendant was selling narcotics out of a grocery store he owned in Iberia Parish.
Defendant contends the trial court erred in failing to state for the record that it considered the sentencing guidelines and in failing to state the factual basis and the need for an upward departure from the guidelines.
The legislature repealed the sentencing guidelines by Acts 1995, No. 942, effective August 15, 1995, and amended La.Code Crim.P. art. 894.1 to delete reference to those guidelines. As amended, La.Code Crim.P. art. 894.1(C) now requires the court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
The defendant was sentenced on June 12, 1995, before the effective date of Act No. 942; however, the fourth circuit in State v. Lennon, 95-0402, p. 6 (La.App. 4 Cir. 9/15/95), 661 So.2d 1047, 1050-51, writ denied, 95-3004 (La.3/22/96), 669 So.2d 1222 stated: "Where a sentencing court articulates the basis for the sentence, it would be a waste of judicial resources to vacate the sentence for failure to consider the old Guidelines and remand for resentencing under the new scheme which no longer requires consideration of those Guidelines." See also State v. Hilton, 95-0586 (La.App. 4 Cir. 11/16/95), 665 So.2d 124.
In the present case the trial court did not state it considered the guidelines; however, there is no need to remand for resentencing in order for the trial court to consider the sentencing guidelines. Thus, this court need only review the sentence for constitutional excessiveness.
*51 Article 1, § 20 of the Louisiana Constitution of 1974 prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Gillord, 94-1076 (La.App. 3 Cir. 4/5/95), 653 So.2d 810, writ denied, 95-1162 (La.9/29/95), 660 So.2d 854.
As stated in State v. Cottingin, 476 So.2d 1184, 1186 (La.App. 3 Cir.1985):
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. (citation omitted).
The trial court gave the following reasons in imposing the sentences:
BY THE COURT:
I have read and reviewed, Mr. Ruiz, your entire record, and I have taken into account your fine family. The fact that you chose to affiliate yourself and marry Christine has no relevance on this case. Marrying a bad woman or a woman marrying a bad man has no relevance to the conduct that you had. If we would use that as a defense at this or any other proceeding, then there is no accountability.
Because I find aggravating factors, particularly the fact, that even after the first arrest, you had continued involvement for substantial economic gain. Whether or not you were taking marijuana or other drugs during this period of time, again, does not reflect that we are all accountable for our actions. So, I find aggravating factors are present.
* * * * * *
BY THE COURT:
And if you've changed your life and if you're making steps, you'll have, then good, I'm glad for it. What I want you to understand is the amount of destruction you've caused by spreading this poison throughout the community, particularly at the store in which you were located. And the fact that you wanted to do this for your own economic gain, you didn't care anything about doing a hard day's work. Maybe, you can think about that during your time in prison. And when you get out, you will maybe turn your life around. Certainly, you've had every opportunity. And the kind of support group that you've had, your family, your wonderful family, you've let them all down. You've let your children down. You've let your brother down. You've let all of them down, and I don't know whether you've yet accepted *52 that. Maybe, maybe you can get it straightened out. You've got more of a chance than anybody else.
* * * * * *

BY THE COURT:
I find that not only did he get busted, but what is incredible to me is not only did he afterwards engage in this very harmful traffic, but he did it in other jurisdictions, and he was arrested in Texas. He was trying to buy this poison to bring into Iberia Parish. He's got to accept some accountability. And "yes," it's a hard sentence. There are hard aggravating factors here. This is not a first-time guy. He's, we have heard testimony that he was at one time the biggest drug dealer in Iberia Parish. He's a drug dealer. In other countries, he would be taken out and shot in the head right now upon this judgment of this Court. So, I have followed the law, and he has received, under the circumstances, a lenient sentence.
The current version of Article 894.1 clearly leaves trial courts with greater flexibility in sentencing. The trial court's reasons for sentencing were sufficient. The trial court noted that the defendant's family is well regarded in New Iberia. However, the defendant sold narcotics through his store, "spreading this poison throughout the community." Additionally, the defendant engaged in this practice even after being arrested. Many charges were dismissed as a result of the plea bargain. The plea bargain contained no promise as to what the defendant's sentence would be. The trial court reiterated that the testimony presented at trial established the defendant as the biggest drug dealer in Iberia Parish at one time. This reasoning is sufficient under current 894.1(C). Therefore, remand for resentencing is not required. See Hilton, 665 So.2d 124, citing Lennon, 661 So.2d 1047.
By his final assignment of error, defendant contends the trial court erred in imposing consecutive rather than concurrent sentences.
The defendant directs this court's attention to State v. Brown, 627 So.2d 192 (La.App. 3 Cir.1993), writ denied, 93-3101 (La.3/18/94), 634 So.2d 850, wherein this court held that in cases involving first felony offenders, concurrent rather than consecutive sentences should be imposed, particularly where the convictions arose out of the same occurrence.
In the present case, the defendant is a first felony offender. Although defendant pled guilty to all three crimes on the same date, the offenses which led to defendant's convictions occurred on different dates. Therefore, they did not arise out of the same course of conduct. As La.Code Crim.P. art. 883 permits a trial court to impose consecutive sentences at its discretion, the trial court committed no error in having the defendant's two sentences for distribution of cocaine run consecutive to defendant's possession with intent to distribute sentence.
Defendant's convictions and sentences are affirmed.
AFFIRMED.