JiDOUCET, Chief Judge.
The defendant, Joseph Jacquet, appeals his conviction for armed robbery and the sentence imposed in connection with it.
On January 23, 1992, at about 2:00 a.m., the defendant, armed with a handgun, entered a Jr. Food' Mart in Breaux Bridge. While inside the store, the defendant fired the gun twice and then left the store with the cash register. The defendant was arrested in another part of town and charged with armed robbery.
On May 26, 1992, a bill of information was filed charging the defendant, Joseph Anthony Jacquet, with one count of armed robbery, a violation of La.R.S. 14:64. On June 2,1992, the defendant waived formal arraignment and entered a plea |2of not guilty. On September 17, 1993, a hearing was held on a Motion to Suppress filed by the defendant. At the hearing, defense counsel withdrew the motion. After a trial by jury held September 20-22, 1993, the defendant was found guilty as charged. On January 20,1994, the defendant was sentenced to sixty years at hard labor without benefit of probation, parole or suspension of sentence. The defendant filed a motion to reconsider sentence on January 27, 1994. The motion was denied without hearing. A motion for out of time appeal and an order granting the motion were filed on February 21, 1996. The defendant now appeals his conviction and sentence.
CREDIT FOR TIME SERVED
In reviewing this case for errors patent on the face of the record as required by La.Code Crim.P. art. 920, this court noticed that the trial court did not give the defendant credit for time served before the execution of the sentence as required by La.Code Crim.P. art. 882 A. Therefore, we amend the sentence to reflect that the defendant is given credit for time served before the execution of the sentence. Resentencing is not required. However, the case is remanded to the district court. We further order the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.
MOTION TO SUPPRESS
The defendant contends that his constitutional right to due process was violated in that his motion to suppress was withdrawn and never heard because of a misrepresentation made by the District Attorney’s Office. Although the motion tojjsuppress itself is not filed in the record before this court, the hearing held on September 17, 1993 is in the record. At the hearing, defense counsel stated she was withdrawing the motion to suppress because the district attorney told her the defendant’s oral statement was exculpatory rather than inculpatory. The district attorney responded by stating that although *1339 the statement was not by itself inculpatory, if the defendant testified, some of the statement might be used to impeach him on cross-examination.
After hearing this explanation, the trial court granted the defendant’s motion to withdraw the motion to suppress. On September 21, 1993, the day of trial, before the state gave its opening statement the state gave defense counsel notice of its intent to use an incriminating statement made by the defendant on January 23, 1992 as required by La.Code Crim.P. art. 768. Defense counsel requested a bench conference, during which she informed the court that the state had previously informed her that it did not have any inculpatory information. The prosecution persuaded the court to reserve its ruling until after lunch since it did not plan to introduce the statement until that time. Ultimately, the court decided to allow the introduction of the statement. He explained that the State had placed the defendant on notice that it had in its possession an oral statement made by the defendant on January 23, 1992. He opined that it did not catch the defendant by surprise. He stated that he would allow the state to use “the tape-recorded, transcribed inculpatory statement given by Joseph Jacquet to Detective Marcus Guidry and Detective Eddie Romero and Detective Don Allemond on ... January 23rd, 1992.”
The record does not support defense counsel’s position that the district attorney told defense counsel it would use the statement only if the defendant testified. pNeither does the record support defense counsel’s contention that the district attorney told defense counsel the statement was not inculpa-tory. At the hearing on the motion to suppress, the district attorney made it clear that the statement was not inculpatory by itself but if the defendant testified, part of the statement might be used to impeach him. The prosecution did not state that the statement would be used only if the defendant testified. After reviewing the taped statement we find that it does not implicate the defendant in the shooting and is not inculpa-tory by itself. The defendant does not therein state that he committed the robbery. He merely relates where he was on the night and at the time of the robbery. Therefore, we find that the district attorney did not misrepresent his intentions regarding the introduction of the statement or the contents of it.
The defendant also complains that the state’s introduction of the statement at trial violated his constitutional rights. This court has held:
It is the responsibility of the trial court to exercise reasonable control over the presentation of the evidence. The trial judge is left with wide discretion as to the admissibility of evidence under pertinent evidence rules. Furthermore, the decision of the trial judge will not be overturned absent a clear abuse of discretion.
State v. Evins, 626 So.2d 480, 496 (La.App. 3 Cir.1993). The defendant has not shown the trial court abused its discretion in admitting the statement in the present case. The state properly complied with La.Code Crim.P. art. 768 by timely notifying the defendant of its intention to introduce the statement. Furthermore, as noted by the trial court in its ruling on the admission of the statement, the state had previously notified the defense of the oral statement at issue. Therefore, we find no error in the admission of the statement at trial.
SENTENCING GUIDELINES
The defendant contends that the trial court erred in failing to state sufficient aggravating factors pursuant to the sentencing guidelines and sentenced the defendant to a term of imprisonment far exceeding the term set forth in the guidelines. Although the defendant was sentenced on January 20, 1994, while the sentencing guidelines were still in effect, we need not consider the trial court’s application of the guidelines. As stated by this court in State v. Cooper, 96-119, p. 16 (La.App. 3 Cir. 7/17/96); 678 So.2d 59, 68-69:
Defendant was sentenced on November 3, 1992, subsequent to January 1, 1992, the *1340 effective date of the Felony Sentencing Guidelines. The Guidelines have been repealed by Act No. 942, Sec. 3, of 1995, effective August 15,1995. In State v. Hilton, 95-0586 (La.App. 4 Cir. 11/16/95), 665 So.2d 124, the defendant had been sentenced prior to the effective date of Act No. 942. The court, citing State v. Lennon, 95-0402 (La.App. 4 Cir. 9/15/95); 661 So.2d 1047, explained ‘[w]here a sentencing court articulates the basis for the sentence, it would be a waste of judicial resources to vacate the sentence for failure to consider the old Guidelines and remand for resen-tencing under the new scheme.’ Hilton, 665 So.2d at 125.
Although the trial court in Cooper did not consider the guidelines, the appellate court found the trial judge properly stated a basis for the sentence, limiting the court’s review to exeessiveness.
In the present case, also, the trial court properly stated a basis for the sentence. The sentence imposed meets the guidelines now set forth in La.Code Crim.P. art. 894.1. Paragraph C of article 894.1 requires the court to “state for the record the considerations taken into account and the factual basis therefor in imposing 16sentence.”[1] The court in the present case stated the following when he sentenced the defendant:
The Court observes that the sentencing commission guideline report indicates that you are — that the guidelines reflect that you should receive a sentence to serve not less than three hundred thirty (330) months and not more than three hundred sixty (360) months, which the maximum is thirty (30) years. The Court does not find that that conviction — that that sentence, the maximum sentence is appropriate to you; and therefore the Court will deviate from the sentence. The Court, pursuant to Revised Statute Title 14, Section 64: Considering the fact that you are a — you have five (5) previous convictions for felonies, that you are on parole at the present time, and that you have committed — and that you are charged with a felony since your conviction on this count, the Court will sentence you to serve sixty (60) years at hard labor under the supervision of the Department of Probation of the State of Louisiana without benefit of parole, probation, or suspension of sentence. The Court declares that this sentence, although severe, is appropriate under these conditions because you have shown that you are not a fit person to be at large in society. You have committed five (5) previous felony offenses, some of which while you were on probation; the instant offense while you were on parole; and the last offense, although it has not been conviction, you are charged with committing a felony while you were on probation for the instant offense. You are not, I repeat not, a suitable candidate for probation. A lesser sentence would deprecate the seriousness of the offense and society should be protected from such a person as yourself.
The trial court adequately stated for the record the considerations taken into account and the factual basis for the sentence imposed.
EXCESSIVE SENTENCE
On January 20, 1994, the defendant was sentenced to sixty years at hard labor without benefit of parole, probation or suspension of sentence. The defendant contends that this sentence is an excessive sentence under the United States and Louisiana Constitutions. As amended by Act 942, Sec. 1 of the 1995 Regular Session, La.Code Crim.P. art. 881.4(D) provides, “The appellate court shall not set 17aside a sentence for excessiveness if the record supports the sentence imposed.” To be excessive a sentence must be so grossly disproportionate to the severity of the crime as to shock our sense of justice or must make no measurable contri- *1341 button to acceptable penal goals, therefore constituting a needless imposition of pain or suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence. A sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The statutory sentencing range for armed robbery is not less than five years nor more than ninety-nine years without benefit of parole, probation or suspension of sentence. The sentence imposed on the defendant is well below the maximum sentence. Furthermore, the Presentence Investigation Report (PSI) indicates that the defendant has six prior felony convictions: 1) simple rape on February 17, 1976; 2) simple burglary on September 13, 1985; 3) possession of stolen property on June 25, 1986; 4) illegal possession of a firearm by a convicted felon on February 1, 1988; 5) illegal possession of stolen things, for which the defendant was arrested on July 28, 1987; and 6) simple burglary, for which the defendant was arrested on July 28, 1987. The PSI also indicates the defendant had a felony theft charge and possession of a firearm by a convicted felon charge pending against him at'the time of sentencing. Additionally, the PSI indicates the defendant has four prior misdemeanor convictions.
“Louisiana jurisprudence supports lengthy sentences for defendants who have multiple prior felony convictions.” State v. Bruno, 526 So.2d 1287 (La.App. 3 Cir. 81988). See also State v. Douglas, 389 So.2d 1263 (La.1980); State v. Causey, 450 So.2d 1071 (La.App. 1 Cir.1984); and State v. Wilson, 452 So.2d 773 (La.App. 4 Cir.1984).
The sentence imposed in the present case does not constitute an excessive sentence.
For these reasons the conviction and sentence are affirmed. However, the case is remanded for the trial court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
THIBODEAUX, J., concurs and assigns reasons.

. Paragraph D of article 894.1 also imposes additional requirements on the trial court, but paragraph F states "no sentence shall be declared unlawful or inadequate for failure to comply with the provisions of Paragraph D."