771 So.2d 780 (2000)
STATE of Louisiana
v.
Vicki Rhodes HOLDER.
No. CR99-1747.
Court of Appeal of Louisiana, Third Circuit.
October 11, 2000.
*781 Don M. Burkett, District Attorney, Many, LA, Counsel for Appellee, State of Louisiana.
William D. Dyess, Many, LA, Counsel for Appellant, Vicki Rhodes Holder.
(Court composed of Judge ULYSSES GENE THIBODEAUX, Judge JOHN D. SAUNDERS and Judge MARC T. AMY).
THIBODEAUX, Judge.
The Defendant, Vicki Rhodes Holder, and her co-defendant entered guilty pleas on January 5, 1993 to simple arson. The trial court sentenced the Defendant to three years at hard labor. The trial court denied the Defendant's Motion to Reconsider Sentence.
On September 23, 1999, the trial court granted the Defendant an out-of-time appeal. She is now before this court, alleging three errors.

FACTS
As already noted, the Defendant entered a guilty plea; the following factual basis was stated in open court:
Yes, ma`am, in Ms. Holder's case on the date mentioned in the Bill of Information she burned down a house. At the time she was upset with Kenny Cartinez, and her initial impression was to burn it down and frame him for it, but she later confessed to the police and told them she had set the fire by throwing a match into the garbage can.

ASSIGNMENT OF ERROR NO. 1
In her first assignment, the Defendant argues that her initial counsel had a conflict of interest because he jointly represented her and her co-defendant. However, the State responds by noting that a guilty plea waives all non-jurisdictional pre-plea defects. Thus, review is precluded.
A guilty plea waives such defects. State v. Moore, 595 So.2d 334 (La.App. 3 Cir.1992), after remand, 614 So.2d 145 (La. App. 3 Cir.1993), citing State v. Williams, 498 So.2d 1201 (La.App. 3 Cir.1986). Louisiana courts have held that ineffective assistance of counsel is a non-jurisdictional defect. State v. Mellion, 439 So.2d 586 (La.App. 1 Cir.1983), writ denied, 443 So.2d 1118 (La.1984), citing State v. Jenkins, 419 So.2d 463 (La.1982). See also State v. Castaneda, 94-1118 (La.App. 1 Cir. 6/23/95); 658 So.2d 297. Further, the jurisprudence has typically viewed conflict claims as a species of ineffectiveness claims. See, e.g., State v. Salinas, 97-716 (La.App. 3 Cir. 10/29/97); 703 So.2d 671, reversed on other grounds, 97-2930 (La.9/25/98); 719 So.2d 1035. Thus, the Defendant's conflict claim would be waived, and this assignment would have no merit.
We are unable to identify jurisprudence that discusses whether a guilty plea waives an actual conflict. We do not think so. Much of the caselaw, after noting that ineffectiveness claims are waived by guilty pleas, proceeds to conduct brief analyses of the defendants' claims. See, e.g., Jenkins, 419 So.2d at 465. Out of an abundance of caution, we will do the same. It would seem highly problematic to bar conflict claims in situations where a defendant could otherwise demonstrate a conflict.
In cases where a conflict is alleged after the proceeding, a defendant must show counsel had an actual conflict of interest, i.e., counsel owed duties to a party whose interests are adverse to the defendants. State v. Jones, 96-1581 (La. App. 3 Cir. 6/4/97); 696 So.2d 240, writ denied, 97-1833 (La.12/12/97); 704 So.2d 1200. Joint representation of co-defendants is not ineffective per se; a defendant must show that an actual conflict existed. State v. Smith, 98-2078 (La.10/29/99); 748 So.2d 1139.
All that the Defendant raises under this assignment is the assertion of joint representation. Her brief fails to allege that her counsel had an actual conflict of interest; *782 she does not indicate that counsel owed any duties to a party with interests adverse to hers. The Defendant does not indicate the "co-defendant" had an antagonistic defense. In fact, each pleaded guilty to a different, unrelated arson. Thus, her argument fails.

ASSIGNMENT OF ERROR NO. 2
In her second assignment, the Defendant argues the trial court failed to follow the sentencing guidelines that were in effect at the time of the May 7, 1993 sentencing. At that time, La.Code Crim.P. art. 894.1 stated:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
Although the defendant was sentenced while the sentencing guidelines were in effect, this court need not review their application in this case. State v. Jacquet, 96-1183 (La.App. 3 Cir. 2/19/97); 688 So.2d 1337, citing State v. Cooper, 96-119 (La.App. 3 Cir. 7/17/96); 678 So.2d 59, writ denied, 96-2121 (La.1/24/97); 686 So.2d 857. When the sentencing court has articulated sentencing reasons, appellate courts will not waste time remanding for non-compliance with guidelines that no longer exist. Id., citing State v. Hilton, 95-0586 (La.App. 4 Cir. 11/16/95); 665 So.2d 124. While the Defendant initially complains that the sentence violated the guidelines in effect at the time, the body of her argument appears to be based on the current version of La.Code Crim.P. art. 894.1. However, "[w]here a sentencing court articulates the basis for the sentence, it would be a waste of judicial resources to vacate the sentence for failure to consider the old Guidelines and remand for resentencing under the new scheme which no longer requires consideration of those Guidelines." State v. Lennon, 95-0402, p. 6 (La.App. 4 Cir. 9/15/95); 661 So.2d 1047, 1050-1051, writ denied, 95-3004 (La.3/22/96); 669 So.2d 1222, cert. denied, 519 U.S. 855, 117 S.Ct. 152, 136 L.Ed.2d 97 (1996).
The record contains the district court's written reasons for the sentence:
The court has before it for sentencing a 39 year old defendant who entered a plea of guilty to one count of Simple Arson, committed in violation of La.R.S. 14:52.
The Court ordered the Louisiana Department of Corrections, Division of Probation and Parole, to conduct a presentence investigation and submit to the court a pre-sentence investigation report and a sentencing guidelines report. The court has reviewed the contents of these reports. The court has also reviewed the Sentencing Guidelines promulgated by the Louisiana Sentencing Commission, in accordance with Code of Criminal Procedure Article 894.1, to determine an appropriate sentence to be imposed.
The Court finds, based on the information it has reviewed, that the recommended sentence under the guidelines is not appropriate in this case.
The offense of simple arson carries a minimum sentence of two years at hard *783 labor and up to 15 years at hard labor with a fine of up to $15,000.00.
The victim in this matter is Mr. E.B. Malmay. The defendant was renting a house from Mr. Malmay. February 02, 1992, the defendant burned this residence to the ground. Mr. Malmay suffered a financial loss of $10,000.00 as a result of the defendant's criminal actions.
There is absolutely no justification for the defendant's actions in this matter. As a result of her actions the victim has suffered a significant financial loss. He has received no restitution for this loss. This is the second rent house that has burned to the ground while the defendant was residing there. The defendant's boyfriend has pled guilty to one count of arson for burning the other house.
The defendant is not a good candidate for probation. The defendant's attitude is such that the court determines there is a high likelihood that she will commit another offense if given a probated sentence.
This is a serious offense. The defendant is in need of correctional treatment that can best be provided by her confinement to an institution. Any lesser sentence than the one to be imposed by the court would deprecate the seriousness of the offense.
The trial court sufficiently articulated its reasons for the Defendant's sentence and did not abuse its discretion in imposing a three-year sentence at hard labor. Thus, this assignment has no merit.

ASSIGNMENT OF ERROR NO. 3
This assignment, like the first, is an ineffective assistance of counsel claim. The Defendant has failed to brief this assignment, therefore it is deemed abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

ERROR PATENT
The Defendant was not informed of the prescriptive period for filing post-conviction relief as is required by La.Code Crim.P. art. 930.8. Thus, the district court is directed to "inform the [D]efendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the [D]efendant received the notice in the record of the proceedings." State v. Fontenot, 616 So.2d 1353, 1359 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La. 1993). The time period for filing post-conviction relief was amended by Act 1262 of the 1999 Regular Legislative Session. The prescriptive period was changed from three years to two years. Accordingly, upon remand, the trial court is instructed to inform the Defendant of the two-year prescriptive period rather than the three-year prescriptive period.

CONCLUSION
The Defendant's conviction and sentence are affirmed. However, the district court is directed to inform the Defendant that, pursuant to La.Code Crim.P. art. 930.8, she has two years from the date his judgment and sentence become final to apply for post-conviction relief. This notice should be in writing and sent to the Defendant within ten days of the rendition of this opinion. Written proof that the Defendant received the notice should be filed in the record of the proceedings.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
AMY, J., concurs finding the conflict-of-interest issue more appropriately addressed through application for post-conviction relief.