J^PLOTKIN, Judge.
Abe J. Lindsey, Jr. was found guilty of attempted second-degree murder on July 27, 1999. On September 27, 1999, he was *816 sentenced to serve thirty years at hard labor without benefit of probation, parole or suspension of sentence. Defendant now appeals his conviction and sentence asserting two assignments of error. We affirm for the reasons that follow.

STATEMENT OF THE FACTS

Shortly before midnight on May 6, 1999, William Francois was standing on Whitney Avenue selling drugs with the defendant and another friend. Defendant asked him to sell bunk cocaine to some white boys. Francois refused. Defendant left, then returned about ten minutes later. As defendant walked toward Francois, he raised a gun and shot Francois once in the chest area and once in the leg. Francois testified that he was unarmed when he was shot and had not tried to attack defendant.
Francois spent approximately two months in the hospital after the shooting. One bullet remains lodged in his spine, and as a result Francois is paralyzed below the waist and is confined to a wheelchair. Francois identified defendant from a 12photographic lineup that occurred in the hospital shortly after the shooting. He testified that he had known defendant for about six years, and that defendant is the first cousin of his girlfriend, Iesha Randall.
Iesha Randall testified that she was in her sister’s house when the shooting occurred. Shortly before the incident, defendant told her “a nigger was gonna pop ‘Peddle’ up.” Francois’s nickname is Peddle. Defendant then walked outside on the porch and returned with something like soap powder in a bag. He said he was going to ask Francois to sell it. A short while after that, Ms. Randall got a call from a friend who told her that Francois had been shot. Randall and others ran to the scene. Randall testified that she saw defendant running away from the scene with a gun. She further testified that she heard defendant say, as he passed her, “[He’s] gonna wish he would have sold it.”

ERRORS PATENT

A review of the record for errors patent reveals none.

ASSIGNMENT ONE

Defendant argues that the trial court erred by its denial of a mistrial for the admission of prejudicial hearsay testimony.
Hearsay is “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La. C.E. art. 801(C); State v. Richardson, 97-1995, p. 13 (La.App. 4 Cir. 3/3/99), 729 So.2d at 121, writ denied, 99-1087 (La.9/24/99), 747 So.2d 1119. Hearsay is not admissible except as otherwise provided by the Code of Evidence or other legislation. La C.E. art. 802.
|sThe subject hearsay testimony occurred during the direct examination of Iesha Randall. In response to general questions about what happened on the day of the shooting, Ms. Randall testified that, after defendant left, “Heather ... called and told [her] that William [Francois] was shot on the front by my little cousin.” Defense counsel immediately asked that the jury be excused. Instead, the trial court overruled the objection as to relaying the information about the actual shooting, but sustained it as to any elaboration or detail. Defense counsel then made his motion for mistrial for the record. He argued the motion outside the jury’s presence at the conclusion of the State’s ease.
Defense counsel argued that the State had an obligation to prepare its witnesses more thoroughly. The prosecutor noted, for the record, that he was aware that Ms. Randall received a phone call that the victim had been shot, but did not know that she had been told the identity of the shooter.
*817 Technically, the critical hearsay, that defendant was the shooter, was not admitted into evidence. However, as noted by defense counsel at trial, “you can’t unring the bell.”
Defense counsel questioned Ms. Randall about the person who made the statement. Ms. Randall testified that she knew her only by her first name, “Heather.” She further testified that Heather told her that she saw the shooting, but did not want to “get into it with his relatives.” For that reason, Ms. Randall did not give the investigating officer Heather’s name as a witness.
Ms. Randall’s testimony regarding Heather’s statements is classic hearsay that does not meet any exceptions to the hearsay rule. The statements are clearly inadmissible and should have been excluded by the trial judge.
|4Hearsay evidence that is improperly admitted into evidence may be considered harmless error if the reviewing court determines beyond a reasonable doubt that the hearsay evidence did not contribute to the verdict. State v. Hearold, 603 So.2d 731, 734 (La.1992); State v. Atkins, 97-1278 (La.App. 4 Cir. 5/27/98), 713 So.2d 1168, 1178; State v. Anderson, 450 So.2d 684, 686 (La.App. 4 Cir.1984).
In the case at bar, the erroneous admission of the hearsay statements was harmless error. The jury was presented with substantial evidence to convict defendant without the hearsay statements. The victim testified that he knew his assailant well and positively identified him. The victim’s girlfriend saw her cousin, defendant, running away from the shooting, with a gun in his hand, and saying “He’s gonna wish he would have sold it,” when the victim had refused to make a sale of bunk cocaine for him. There was no contradicting testimony or other evidence. There is no reasonable possibility that the hearsay evidence contributed to the verdict.
This assignment is without merit.

ASSIGNMENT TWO

Defendant argues that the trial court erred by imposing an unconstitutionally excessive sentence. He further argues that the trial court failed to refer to or consider the factors in La.C.Cr.P. art. 894.1, when imposing the sentence.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering or is grossly out of [.^proportion to the severity of the crime. State v. Lennon, 95-0402, p. 7 (La.App. 4 Cir. 9/15/95), 661 So.2d 1047, 1051. Courts have the power to declare a sentence excessive even if it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
The sentencing range in the instant case is from ten to fifty years at hard labor, without benefit of probation, parole or suspension of sentence. La. R.S. 14:27 D(l). Defendant was sentenced to thirty years at hard labor without benefits.
Defendant is a sixteen year old first offender. He was tried as an adult without prior criminal history as an adult. The trial court obtained and sentenced defendant based upon a pre-sentence investigation report outlining defendant’s extensive juvenile criminal record. At sentencing, the trial court noted defendant’s juvenile criminal history. The trial court further noted that defendant had been on probation three times in three years and that defendant was involved with guns and drugs. Additionally, the trial court *818 weighed the serious injury to the victim in the instant case as a result of defendant’s cruel actions.
The juvenile record and pre-sentence investigation report are confidential and privileged. See La.C.Cr. P. art. 877; La. Ch.C. art. 412; State v. Coleman, 574 So.2d 477 (La.App. 2 Cir.1991). The trial court relied heavily upon defendant’s juvenile record contained in the pre-sentence investigation report in sentencing defendant.
For the purpose of justifying a sentence, the record must contain a proffer by the trial judge or by the State of the defendant’s juvenile records. Otherwise, the appellate court reviewing the case has no documentation by which to review the judgment of the trial court. The statement by the trial judge as to defendant’s | (juvenile record alone is insufficient for review. The record must contain some corroborating evidentiary documentation to justify the imposition of the sentence.
In the case at bar, the pre-sentence investigation report ordered by the trial court is included in the appeal record. The pre-sentence report corroborates the sentence imposed by the trial court. Accordingly, we find that the trial court provided ample reasons, on the record, to justify the sentence imposed.
This assignment is without merit.

CONCLUSION

For the foregoing reasons, we affirm defendant’s conviction and sentence.

AFFIRMED.