|-WALTZER, Judge.
STATEMENT OF THE CASE
On 15 October 1999, the defendant was charged with one count of armed robbery, to which he pled not guilty. Following trial on the merits, on 22 June 2000 a six-person jury found him guilty as charged. The State filed a multiple bill on 18 July 2000, to which he pled not guilty. On 19 January 2001, the trial court found him to be a third offender and sentenced him to life imprisonment without benefit of parole, probation, or suspension of sentence. The court denied his motion to reconsider sentence and granted his motion for appeal.
STATEMENT OF FACTS
At approximately 7:00 p.m. on 18 August 1999, police officers received a call concerning a carjacking in the 3300 block of Claremont Street. Officers responding to the call interviewed the victim, Brandon Allen, who gave a description of the robber. Another witness to the carjacking gave a similar description. Later that night, the car, absent its wheels and radio, was recovered on Perdido Street. Based upon a telephone call, the defendant, Terry Bagneris, became a suspect. Officers compiled a photographic lineup containing his picture. The officers showed the line *833 up to Allen, who chose Bagneris’ photo and positively identified him as the man who took the car at gunpoint.
Alen testified he had parked his mother’s car in the 3300 block of Claremont and was standing nearby, talking with his friend’s father. While they were talking, they saw an Acura Legend with dark windows drive by them and then turn the corner. Soon thereafter, Alen | ^noticed a man he positively identified as the defendant walking toward him from that corner. As the defendant got closer, he pulled a gun from his waistband. Alen testified the defendant cocked the gun, placed it against Alen’s chest, and ordered Alen to give him the car keys, which were in A-len’s hand. Allen complied, and the defendant ordered him and his friend’s father to run to the back of the alley. As they complied with this order, Alen saw the Acura drive up. The Acura remained at the scene until the defendant got Alen’s mother’s car started, and then both cars drove from the scene. Alen called the police, and officers responded within fifteen minutes. Alen testified he described the robber as being approximately 6" tall and weighing 190 pounds, with a gold front tooth and a scar on his head. He testified that a few days later, he and his mother viewed a lineup, and he chose the defendant’s photograph.
On cross-examination, Alen admitted the scar on the defendant’s head was visible in court, and he was unsure if he mentioned the scar when he initially described the perpetrator. He also admitted the defendant’s present weight (240 pounds) was much more than he estimated on the date of the offense, and he further admitted that at a pretrial hearing he had estimated the weight of the offender at 160 pounds. He maintained, however, that the defendant was the man who robbed him.
Lechia Alen, the victim’s mother, testified she owned the car taken from the victim. She testified she had given only the victim permission to use the car that evening. She stated she was with the victim when he identified the defendant’s photo, and the victim chose the photo with no hesitation.
The defense called only one witness, an officer who had earlier testified for the State. The officer stated he did not recall the victim’s having mentioned that the robber had a scar on his head. In addition, the parties stipulated that the police report did not mention a scar.
REVIEW FOR ERRORS PATENT
A review of the record reveals no error patent.
ASSIGNMENT OF ERROR: The trial court erred by failing to grant his request for an admonition to the jury to disregard what he terms a hearsay remark made by an [.¡officer regarding a telephone call which led the officers to suspect the appellant was involved in the carjacking.
The appellant argues the statement was misleading and was double hearsay. He maintains that if the court had agreed to the admonition, he would have received the only remedy available to him; however, by refusing to admonish the jury, the trial court violated his right to confrontation of the witnesses against him.
The statement to which he refers occurred during the direct examination of Detective Hunter, one of the investigating officers:
Q. Could you please relate to the jury the reason behind developing him as a suspect?
A. A phone call had been received. And through the course of the investigation we learned that the phone call had come from Belfast *834 Street. I think it’s 8703, but I might be wrong in the numbers. We ran a check through what we ■ call the police department motion computer, where we can run addresses. And during the course of running those addresses, I ran 8703 Belfast and learned that Terry Bag-neris lived there.
The trial court overruled defense counsel’s objection that this statement contained hearsay. Counsel indicated he would make a motion at the next break. After the defense rested, out of the jury’s presence, defense counsel moved the court to admonish the jury to disregard the officer’s testimony concerning the telephone call. During discussion, it was revealed that the officer had not received the call, but rather a bail bondsman had received a call about the case and had noted via caller-ID the number from which the call had been placed. He then gave this information to the police, who ran the number and determined it came from 8703 Belfast, which was the appellant’s home. Defense counsel then noted that after consulting with the appellant, he was not asking for a mistrial, but wanted an admonition to the jury to disregard the testimony concerning the call. The State responded that the officer never testified as to what the caller said, and thus there was no hearsay problem. The court agreed, noting that the officer did not say the call came from the appellant. The court also found that any such admonition would only confuse the jurors as to what they were to disregard. The court then denied the motion, to which defense counsel objected.
The appellant now argues, as he did at trial, that the detective’s statement contained inadmissible hearsay testimony that violated his constitutional right to confrontation of the [¿witnesses against him. La. C.E. art. 801(C) defines hearsay as “as statement, other than one made by the declarant while testifying at the present trial or hearing, offered into evidence to prove the truth of the matter asserted.” See State v. Broadway, 96-2659 (La.10/19/99), 753 So.2d 801. Hearsay is not admissible except as otherwise provided by the Code of Evidence or other legislation. La. C.E. art. 802. A trial court’s ruling on the admissibility of evidence will not be disturbed in the absence of a clear abuse of the trial court’s discretion.
The first issue is whether or not the quoted passage contained hearsay. The statement did not set forth what the caller said. The appellant concedes this point, but he argues that this testimony would have led the jury to infer that someone within his house implicated him in the carjacking. He notes that this call led the officers to include his photograph in a lineup, from which the victim chose his picture as that of the carj acker. In addition, he notes that the victim was unsure if the officers told the victim that they had a suspect in custody when the victim viewed the lineup.
The fact that the jury could infer that someone may have made a statement implicating the appellant does not automatically make the statement hearsay. Indeed, it is obvious whenever a defendant’s photograph is included in a lineup that the defendant somehow came under suspicion; otherwise, his photograph would not have been included. This permissible inference does not make the statement hearsay.
The appellant argues this evidence prejudiced him because the lineup identification was the only evidence to tie him to the carjacking. He points to the victim’s testimony at trial, for the first time, that his assailant had a scar on his head, and to the officer’s testimony during the defense case that the victim had not mentioned this scar when describing his assailant. He also *835 argues that the victim “falsely” testified the assailant weighed 195 pounds, while defense counsel at trial indicated the appellant weighed 240 pounds at trial. However, one of the officers testified the victim on the night of the carjacking described his assailant as weighing 190 pounds. The officer also testified the other witness also gave a description of the assailant which was about the same as that given by the victim. In addition, the jury could view the appellant and make its own comparison between the description and the appellant’s physical attributes.
| ¡¡The appellant points to these inconsistencies to argue that the victim could not really identify the carjacker and asserts that the appellant’s photograph was placed in the lineup only because of contents of the telephone call and the officer’s statement that a suspect was in the lineup. However, the appellant does not argue that the lineup or the procedure was suggestive, and a review of the transcript provides no basis for such a claim. The officer who compiled the lineup testified as to the procedure he used, and the victim testified he was not promised, induced, or threatened into making an identification, nor did the officer indicate which photograph he was to choose. The officer, the victim, and the victim’s mother all testified the victim immediately and positively chose the appellant’s photograph. The testimony reveals the victim chose the appellant’s picture because he recognized him as the carj acker, not because of any suggestion on the part of the police.
In sum, we find that the statement was not inadmissible hearsay. Because there was no hearsay, the appellant’s Sixth Amendment right to confrontation was not violated. Thus, the trial court did not err by overruling the appellant’s objection to the statement on the basis of hearsay, or by refusing to admonish the jury to disregard the statement about the telephone call because it contained hearsay.
Even if we were to find the statement contained hearsay and the trial court improperly denied the request for the admonition, such error is subject to the harmless error standard as set forth in State v. Lindsey:
Hearsay evidence that is improperly admitted into evidence may be considered harmless error if the reviewing court determines beyond a reasonable doubt that the hearsay evidence did not contribute to the verdict. State v. Hearold, 603 So.2d 731, 734 (La.1992); State v. Atkins, 97-1278 (La.App. 4 Cir. 5/27/98), 713 So.2d 1168, 1178; State v. Anderson, 450 So.2d 684, 686 (La.App. 4 Cir.1984).
State v. Lindsey, 2000-0301, p. 4 (La.App. 4 Cir. 4/11/01), 786 So.2d 814, 817.
Here, it does not appear the information contained in the statement contributed to the verdict, given the testimony of the victim and his positive identification both at the lineup and at trial of the appellant as the man who carjacked his mother’s car. Thus, any error in the admission of this evidence is harmless.
This assignment has no merit.
^CONCLUSION AND DECREE
Accordingly, for the foregoing reasons, the appellant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.